## Payne, By, etc. v. Payne.

(Decided March 28, 1924.)

### Appeal from Christian Circuit Court.

1. Divorce—Dismissal of Petition Sustained.—In action for divorce on the ground of duress in obtaining marriage and adultery, held that there was no satisfactory evidence to support the averments of the petition, and chancellor properly dismissed it.

2. Appeal and Error—Weight Given to Finding of Fact Made by Chancellor.—On appeal, weight is always given to the findings of fact made by a chancellor, unless clearly against the weight of the evidence.

O. H. ANDERSON for appellant.

J. C. DUFFY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The parties to this appeal were married October 19, 1920, appellant Bruce Payne at that time being only 18

years of age, while appellee, Minnie Maddox Payne, was about 20 years of age. He commenced this action in the Christian circuit court for absolute divorce on the following grounds:

1. Because of force, duress, threats, intimidations and fear in obtaining the marriage.
2. Adultery or fornication of defendant, appellee.
3. Such lewd, lascivious behavior on the part of the said Minnie Maddox Payne as proved her to be unchaste.

The averments of the position were denied *in toto* and the wife filed a counterclaim alleging cruel and inhuman treatment and asking a divorce on that ground, with alimony. A reply made up the issues. The court adjudged the husband's petition be dismissed and denied him divorce. The counterclaim was also dismissed, but the wife was adjudged an attorney fee of $25.00.

Immediately after the marriage of the parties appellant left and abandoned appellee and did not live with her. He now alleges and undertakes to prove that he was forced to marry appellee, she being at the time pregnant, as he says, by another man and that he married her unwillingly; that as soon as he could get away he left and has not lived with her since; that she was a woman of bad character, having had sexual intercourse with four or five different men other than himself, and he produced witnesses. All adulterous acts charged against the wife are proven to have occurred before the wedding and not since. Confessedly appellant was one of the guilty parties. Shortly after their separation appellee, Minnie Maddox Payne, brought a suit against appellant alleging in substance the same as in her counterclaim, and while the case was pending the parties entered into a written agreement whereby it was dismissed, appellant paying to appellee the sum of $225.00 in full settlement of all claims of the wife for alimony and maintenance and support for the child. This adjusted all their property rights. It was also agreed that in the event either of them should thereafter bring an action for divorce that it should be upon the grounds of abandonment alone. The wife by the agreement was given the care and custody of the child.

According to the terms of the written agreement neither the husband nor wife was entitled to bring an action for divorce upon any of the grounds mentioned in the petition and counterclaim. The evidence offered by appellant, plaintiff below, was very unsatisfactory and was rejected by the chancellor. He, no doubt, knew the witnesses and their credibility. There was no satisfactory evidence to support the averments of the petition and the chancellor properly dismissed appellant's cause. We always give weight to the finding of fact made by the chancellor, unless it be clearly against the weight of the evidence. There is no cross-appeal and we need not deal with the judgment dismissing the counterclaim. Neither of them adduced proof sufficient to sustain a charge of abandonment in the lower court had it been properly pleaded.

The chancellor did not err in dismissing both the petition and counterclaim, for which reason the judgment is affirmed.

Judgment affirmed.