### Forguson v. Newton.

(Decided December 18, 1925.)

### Appeal from Trigg Circuit Court.

1. **Appeal and Error—Owner Selling Lands Pending Appeal from Order Adjudging Division Line Held to Remain Party in Interest.** —Owner who had sold land, after order adjudging dividing line and construction of fence, held to remain party in interest pending appeal therefrom, where deed conveying tract provided that purchaser agreed to accept order of court as division line.

2. **Appeal and Error—Court of Appeals will Not Disturb Finding of Chancellor Supported by Weight of Evidence.**—Court of Appeals is not authorized to disturb finding of chancellor, even apart from verdict of jury, where weight of evidence seems to support finding.

3. **Boundaries—Award of Surveyor in Response to Compromise Agreement is Binding on Parties Thereto.**—Award of surveyor as to division line delivered to each of parties in response to agreement of compromise entered into by owners definite and final, and binding on parties.

DOUGLAS BELL and G. W. RYAN for appellant.

G. P. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Forguson, and appellee, Newton, owned adjoining farms in December, 1919, and for several years theretofore and thereafter; and, on December 8th of that year, entered into a contract of compromise settling a disputed line between their lands, so appellee Newton claims. The agreement is denied by appellant, Forguson, who says he did not enter into such an agreement nor

sign a paper purporting to evidence a compromise agreement. The writing upon which appellee, Newton, relies reads:

"This agreement made and entered into this the 8th day of December, 1919, by and between D. E. Forguson and Euen Newton, both of Golden Pond, Trigg county, Kentucky,

"WITNESSETH: That the parties hereto agree and bind themselves to employ C. A. Dunnigan, surveyor, to establish a line between them, and known and described as the division line between said parties, running north and south dividing the Grace land, now owned by said Forguson and Newton. It is further agreed that neither of said parties hereto now know where said line is and they both hereby agree and bind themselves to abide by the survey of said C. A. Dunnigan, and to accept it as established by him, and we hereby authorize the said C. A. Dunnigan to survey and establish said line, each party hereto agreeing to erect a fence on said line after it is established for one-half the distance of same.

"EWEN NEWTON
                                his
                      D. E. (x) Forguson.
                                mark
"K. C. COLSON."

The two farms lay together and form a parallelogram containing about 174 acres adjoining Cumberland river at one end. All these lands formerly belonged to one Grace. He undertook to divide the long strip in the middle and in so doing described each tract by metes and bounds. Afterwards he sold the tracts to different persons. Each tract was so many poles long and so many poles wide, and described in the deed as containing 88 acres. The tracts passed through different hands and were owned by different persons for short periods during the interval, finally coming into the hands of appellant, Forguson, and appellee, Newton.

At the point where the tracts join there was woodland. For many years before the commencement of this action there had been some controversy between the owners of the lands as to where the dividing line was located. There was a fence which one of the parties contended was the line but which the others disputed. This controversy was going on in December, 1919, when the

alleged compromise agreement was entered into by New-
ton and Forguson. Some time after the date of the writ-
ing, which appellee, Newton, asserts was a compromise
agreement, surveyor Dunnigan entered upon the lands
and made a survey and division, finding that Forguson
had his fence over on the lands of Newton, inclosing a
strip 1,320 feet long, 20 feet wide at one end and 94 feet
wide at the other end, containing one and three-fifths
(1 3/5) acres. With his finding or award there is a map
or plat showing the outline of the two boundaries of land
and the line established by his survey as the divisional
line. He sent a copy of the award to each of the parties.
Appellant Forguson renounced the whole and would not
abide by the results; thereupon appellee, Newton, brought
this action in the Trigg circuit court against Forguson
for the enforcement of the award and the establishment
of the line and praying that Forguson be required to
build one-half of the fence and that he (Newton) be per-
mitted to build the other one-half upon the line desig-
nated by the surveyor.

Forguson filed answer denying that there was any
controversy about the location of the division line and
denying that they entered into the written agreement set
up and relied upon in appellee's petition, and denied the
right of surveyor Dunnigan to make a division of the
land. He further denied that any of the lands of appellee,
Newton, were included within his fence. Issue being
joined the court granted an issue out of chancery upon
the question whether appellant Forguson signed the writ-
ten agreement filed with the petition. A jury was called to
hear the facts and found that the writing was duly exe-
cuted by the parties to this cause. Without entering a
judment upon the verdict the chancellor allowed the par-
ties to prepare the case in equity by the taking of proof.
When the cause was submitted the court adjudged that
the defendant, Forguson, had signed the agreement and
therefore had entered into the compromise contract which
appellee, Newton, sued to enforce, and adjudged that the
line found by surveyor Dunnigan and shown by his re-
port and plat was the true and correct line between the
lands of the parties, and that each was to build one-
half of the fence at his own expense; and further enjoin-
ing the appellant, Forguson, from interfering with appel-
lee, Newton, in the erection of one-half of the fence upon
the line designated by the surveyor. From that judg-
ment this appeal is prosecuted.

Appellee, Newton, has entered motion to dismiss this appeal on the ground that appellant, Forguson, has, since the entry of the judgment in the lower court, sold and disposed of all his interest in the lands and is not now, therefore, the real party in interest and that the lands are now owned by appellee, Newton, and one Whitney, the grantee of appellant, Forguson. This question has been separately briefed by counsel for both parties. The deed by which Forguson conveyed his lands to Whitney described the entire tract in controversy and then provides: "The second party herein agrees to accept for a line in this conveyance the order of the court in a suit now pending between the said D. E. Forguson and Euen Newton." From the deed it would seem that Forguson had sold his interest in the lands, but as he was adjudged to construct one-half of the fence, we are inclined to the opinion that he is yet a party in interest. But whether he is or not, we think the appellee is entitled to win upon the merits. Most of the record as well as the briefs of counsel is devoted to the question of fact whether appellant, Forguson, signed the compromise agreement. On this there is a sharp conflict of evidence. Appellee, Newton, and two or three witnesses testified at both the jury trial and in depositions that the agreement was signed by Forguson near his stock barn on a certain named day; that the instrument was presented to and signed by Forguson after it had been read to him; that he agreed to it and then and there authorized the witness, Ossie Newton, to sign his name to it and that the witness did then and there, in the presence of appellant, sign his name to the instrument. All the witnesses for appellee concurred as to what took place.

Appellant, Forguson, testified that he did not sign the agreement at the time and place mentioned by the witnesses or any other time and that he did not know anything about the writing until about the time this litigation was commenced. He also introduced a number of witnesses who testified that on the day and at the hour mentioned by the witnesses for appellee as the time when the agreement was signed, he (Forguson) was at quite a different place and with a number of other persons, thus after a manner establishing an *alibi*. The preponderance of the evidence, it appears, was with the appellee. The jury so found as did the chancellor. However, this matter was not allowed to rest there. Some time after

the judgment was entered appellant, Forguson, instituted an action in the Trigg circuit court, under sections 518 and 344, Civil Code, for new trial alleging that since the trial of the case one or more witnesses who had testified for appellee, Newton, had admitted that the evidence they gave on the trial was untrue, and with his petition filed the affidavit of one of the witnesses, stating, in substance, that the evidence which he had given upon the trial was false and explaining how it came about. Issue was joined by answer and the parties proceeded to take proof on the subject. When the evidence was all in and the case submitted, the court dismissed the petition for new trial and from that judgment an appeal is also prosecuted.

As grounds for a reversal of the two judgments appellant Forguson says that the finding of fact was against the evidence; that there was no dispute concerning the division line mentioned in the alleged agreement, and that no such agreement was ever made or entered into by him; that there was a well marked line between the lands of appellant and appellee. On these contentions, he insists that the whole matter is in equity; that the verdict of the jury was merely advisory and that it is the duty of this court, as in other equity cases, to review the evidence and to decide from the weight thereof whether appellant actually signed the agreement. In an able brief appellant, by counsel, presents a complete review of all the evidence on which he relies and the law of the case. As observed above, the weight of the evidence seems to be with appellee, and in such situation the court is not authorized to disturb the finding of the chancellor, even apart from the verdict of the jury. There seems to have been a good faith controversy as to the proper location of the division line, and this by the compromise agreement was submitted to arbitration, the arbitrator being named in the agreement. The person selected made a survey and located a division line. He made and delivered to each of the parties his finding or award, which is in writing signed by him. He also made at the same time a plat or map showing how and where the division line was located. This award was responsive to the agreement of compromise, as set out in the petition, and was complete, definite and final and ended the whole dispute if accepted; and it was binding upon the parties if they in fact made and entered into the compromise agreement, as the jury and chancellor both found.

As only a question of fact is involved and that question has been found by the chancellor and jury against appellant, apparently in conformity to the weight of the evidence, the judgment must be and is affirmed.

Judgment affirmed.