## Ward v. Ward.

(Decided March 19, 1926.)

### Appeal from Martin Circuit Court.

1. Divorce.—Admissions in answer to petition for divorce are insufficient to establish ground therefor.

2. Divorce—Husband Held Entitled to Divorce on Uncontradicted Proof of Separation Without Cohabitation for More than Five Years, Regardless of who was to Blame for Separation (Ky. Stats., Section 2117, Subsection 2).—Uncontradicted evidence that parties had separated and had not lived or cohabited together for more than five years next before filing petition by husband for divorce held to entitle him to divorce under Ky. Stats., section 2117, subsection 2, regardless of question as to who was to blame for separation.

3. Divorce—Divorce to Wife on Counterclaim Alleging Cruel and Inhuman Treatment Before Separation More than Five Years Prior Held Unauthorized (Ky. Stats., Section 2120; Civil Code, Section 423, Subsection 3).—Where wife counterclaimed for divorce on ground of cruel and inhuman treatment occurring during the six months before separation more than five years previously, decree

in her favor held erroneous under Ky. Stats., section 2120, and Civil Code, section 423, subsection 3.

4. Divorce—Where Husband, After Separation, had Contributed to Support of Wife and Children, Allowance of Alimony to Wife who Deserted Him Without Legal Justification Held Erroneous.—Where husband and wife had same amount of property and after their separation he contributed some money toward maintenance of children and wife and contributed largely in furnishing food and provisions, allowance, under cross-petition in husband's divorce action, of alimony to wife who had abandoned him without legal justification, held erroneous.

5. Divorce—Allowance to Wife of Attorney's Fees in Husband's Divorce Action Held Erroneous, where She was at Fault and had Ample Estate (Ky. Stats., Section 900).—Where husband was entitled to divorce and his wife was not without fault and had ample estate to pay her costs, order that plaintiff pay her attorney's fees held erroneous in view of Ky. Stats., section 900.

6. Divorce—Husband Entitled to Divorce Held Properly Required to Contribute to Maintenance and Education of Infant Children.—Husband entitled to divorce on ground of separation without cohabitation for more than five years held properly directed to contribute to maintenance and education of infant children, although wife had as much property as he and was at fault for separation.

J. B. CLARK for appellant.

Opinion of the Court by Judge Thomas—Reversing.

This is a divorce proceeding filed by the appellant and plaintiff below, G. C. Ward, the husband, against the appellee and defendant below, Fannie Ward, his wife. The sole ground relied on in the petition was ''living apart without cohabitation for five consecutive years next'' before the filing of the petition. The answer expressly admitted that ground and by counterclaim defendant sought a divorce from plaintiff and averred that they were married on June 8, 1904, and separated on July 11, 1911, and that plaintiff ''for more than six months next before said separation, habitually behaved toward her in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness, if she remained with him; that he was guilty of such cruel beating and injury and attempt at injury of her, as indicated an outrageous temper in him and probable danger to her life or great bodily injury from her remaining with him, by reason of which acts and conduct of the plaintiff, the defendant found that it was impossible for her to live with the plain-

tiff, and on that account she left him, and they have lived separate and apart for more than five years last past, without any cohabitation as husband and wife." She then alleged that before the separation there was born to them a male and a female child who were six and five years of age respectively at the time of the separation, and that she carried them away with her when she left defendant's home and had custody of them continuously since; that plaintiff had failed to contribute anything for either their maintenance and support or that of herself, and she prayed for a divorce from plaintiff and a judgment of alimony against him for $4,000.00, and that he be adjudged and ordered to pay a reasonable sum for the maintenance and education of the two children. The reply made the issues and upon submission after proof taken the court dismissed plaintiff's petition, but granted defendant a divorce and gave her an alimony judgment in the sum of $3,000.00 and directed plaintiff to pay to her for the maintenance and education of their two children the sum of $30.00 per month until the further orders of the court. Defendant was also allowed the sum of $200.00 as her attorney's fee which the judgment directed plaintiff to pay as a part of defendant's costs, all of which was adjudged against him, and complaining of that judgment plaintiff prosecutes this appeal.

Besides the admissions in the answer (but which are insufficient to establish the ground) it was uncontradictedly proven by disinterested witnesses that the parties separated and had not lived or cohabited together since July 11, 1911, a period of more than five years next before the filing of the petition and which proven facts entitled the husband to a divorce, regardless of the question as to who was to blame for the separation. Davis v. Davis, 102 Ky. 440, and Hale v. Hale, 137 Ky. 851. See also subsection 2 of section 2117 of our present statutes. The court, therefore, was in error in dismissing plaintiff's petition.

We are at a loss to know upon what theory the court granted the wife a divorce, since we do not interpret the averments in the counterclaim as seeking a divorce to defendant upon the grounds therein alleged, but only that they were made for the purpose of showing that she was not to blame for the separation, but which fact had no relevancy to the case as we have hereinbefore stated. If the court construed the counterclaim as seeking a divorce upon the facts therein alleged, then the grounds so

relied on were not available to defendant under the provisions of section 2120 of the statutes, and those of subsection 3 of section 423 of the Civil Code; the one requiring that, "An action for divorce must be brought within five years next after the doing of the act complained of," and the other prescribing that, "The plaintiff, to obtain a divorce, must allege and prove, in addition to a legal cause of divorce, . . . that the cause of divorce occurred or existed within five years next before the commencement of the action." The cruel and inhuman treatment, etc., pleaded in the counterclaim, occurred and existed more than five years next before defendant filed her answer, and more than five years next before the filing of the petition, and such facts were not, therefore, available to defendant so as to entitle her to a divorce therefor. Davis case, *supra,* and Huston v. Huston, 150 Ky. 353. But whether the provisions of the statute and code are jurisdictional, or intended to prescribe a limitation, we need not determine, though our investigation leads us to the inclination that the latter is true. See 19 C. J. 97. If, however, such provisions should be construed as jurisdictional so as to entirely deprive the court of the right to grant a divorce, when first applied for beyond the statutory period, then we are inclined to the opinion that the defendant's express admissions that the separation had continued for more than five years was tantamount to and a reliance on that ground by her and, when proven, would entitle her to the divorce which the court gave her in its judgment. Moreover, the proof established none of the grounds relied on by the wife as to cruel and inhuman treatment, etc., it falling so far short of doing so that we will consume neither time nor space in narrating the evidence on that point.

The proof establishes that each of the parties have practically the same amount of property, which is between $3,500.00 and $5,000.00. It also shows that while defendant has not been liberal, yet he has contributed some money toward the maintenance of his children, and largely contributed to the support of his wife and their children in the way of furnishing food and provisions. They lived in the same small town and for a larger portion of the time after the separation on adjoining lots. They remained friendly and the children were permitted to cultivate portions of a small farm owned by plaintiff and appropriated the products to their own use and to

that of their mother.    It is conclusively shown that the abandonment of plaintiff by defendant was entirely without legal justification, and under those circumstances we think the court erroneously adjudged plaintiff to pay defendant any alimony.

Section 900 of the statute requires the costs in alimony and divorce proceedings to be paid by the husband "unless it shall be made to appear in the action that the wife is in fault and has ample estate to pay the same." Defendant, as we have seen, was not without fault, and she has ample estate to pay her costs.    However, since the court granted her a divorce the ordinary court costs should, perhaps, be adjudged against plaintiff; but it does not follow from that fact that plaintiff should pay defendant's attorney's fee.    Luttener v. Luttener, 143 Ky. 844; Harrison v. Harrison, 146 Ky. 631, and Witt v. Witt, 188 Ky. 45.    But plaintiff, notwithstanding defendant has as much property as he, and was at fault for the separation, is under legal obligation to maintain his infant children and under the evidence we think the court properly directed him to pay $30.00 per month for their maintenance and education.

Wherefore, the judgment in so far as it adjudged alimony to defendant and required plaintiff to pay her attorney's fee is reversed, but in all other respects it is affirmed, with directions that the court modify it so as to conform to this opinion.