# Perkins v. Perkins.

(Decided November 20, 1931.)

MARCUS C. REDWINE for appellant.

RODNEY HAGGARD for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming on appeal and cross appeal.

This is an appeal from a judgment of the Clark circuit court in an action for a divorce between appellant Haley Perkins and his wife, Mamie Perkins, granting a divorce and settling their property rights. There is also a cross-appeal from so much of the judgment as fails to grant to the appellee alimony and an allowance of an attorney fee.

The parties to this action are colored people. They were married in the year 1913. At that time the appellant was twenty-six years of age and the appellee was about sixteen. Immediately upon their marriage they established themselves in the home of a prominent and well-to-do family in the community, and there they both labored industriously, and by their joint labors saved a few hundred dollars which they invested in a small lot in Winchester. The deed to that property conveyed it jointly to the appellant and to the appellee during life, with the remainder in fee to the survivor. In the year 1925, as a result of economy, these parties accumulated

sufficient funds to build a home upon that land, into which they moved and since that time have lived in the city of Winchester. They lived an apparently happy existence from the time they moved into this new home until about the time of the institution of this action.

Some time in February, 1930, the appellee went to Cincinnati, Ohio, to be under the care of a physician and to secure some work to assist in defraying her expenses while she was being treated. This move was with the apparent approval of her husband. From what particular disease appellee was suffering is not disclosed, but there is ample evidence in the record that she was in a rundown weakened condition brought on perhaps by consistent and persistent labor, because this record fairly repletes with evidence of her industry and economy. Some time after she went to Cincinnati, the appellant wrote her informing her of his intention of leaving her.

The appellant in his petition for divorce relied upon the sole ground of the unchastity of the appellee by the direct affirmative allegation that she had lived in open adultery with one Henry Williams and that since leaving Winchester she had been living with Williams in Cincinnati. To this petition, appellee filed an answer and counterclaim. By the first paragraph of that answer, she denied the allegations of the plaintiff's petition, and in a second paragraph she charged the appellant with cruel and inhuman treatment, and further averring that since February 15, 1930, the appellant had lived in open, notorious, and actual adultery with a woman by the name of Booker or Bright, the exact name she did not know. In the prayer of her petition she asked for divorce and alimony in the sum of $500. In the petition the appellant claimed to be the exclusive owner of the property, to wit, the house and lot in Winchester, and asked to be adjudged the sole owner in fee of the real estate. By a third paragraph of her answer, the appellee asked to be adjudged to be the owner of a one-half interest in said property, averring affirmatively that they were equal joint owners of same. Upon the issues made by the allegations of the pleadings, considerable proof was taken upon the grounds for divorce and also as to the ownership of the property. Upon final submission the court awarded the appellee a divorce upon the ground of cruel and inhuman treatment and adjudged her to be the owner of one-half interest in the real estate. From that judgment this appeal and cross-appeal is prosecuted.

There is little, if any, evidence upon which a belief could be formed bearing out the allgations of appellant's petition attacking the character of Mamie Perkins. Certainly there is no evidence to justify any court to grant a divorce to the appellant, Haley Perkins, upon the charge of adultery. It is testified to by witnesses for the appellant that Henry Williams was perhaps a frequent visitor to the home of the Perkinses, and that after Mamie went to Cincinnati it was testified that Williams went to Cincinnati several times; one witness said almost every Saturday. The Perkins family and the Williams family had been intimate friends in Winchester and were frequently in each other's company; that is, Haley Perkins and his wife and Henry Williams and his wife were friends and associates and went together. It appears in the record that Henry Williams worked for Perkins, and on some occasions when he came to Perkins' home, he came to inquire about stripping tobacco and on one occasion in Cincinnati he called at the place where Mamie was staying. But after interpreting this evidence as strongly as it is possible to do, it falls far short of establishing the charge of lewdness or adultery upon Mamie Perkins. On the other hand, the evidence of illicit and improper relations between Haley Perkins and the Bright or Booker woman is equally unfounded. It is sufficient to say that the evidence amply supports the chancellor's granting a divorce to Mamie Perkins on the ground of cruel and inhuman treatment.

It has been held in a long line of cases that the charge of adultery by the husband is cruel and inhuman treatment to the wife when the charge is false. Wesley v. Wesley, 181 Ky. 135, 204 S. W. 165; Johnson v. Johnson, 183 Ky. 421, 209 S. W. 385; Nichols v. Nichols, 189 Ky. 500, 225 S. W. 147; Smith v. Smith, 198 Ky. 765, 250 S. W. 128; Jones v. Jones, 205 Ky. 538, 266 S. W. 48; Sallee v. Sallee, 213 Ky. 125, 280 S. W. 932; Morgan v. Morgan, 231 Ky. 420, 21 S. W. (2d) 653; Riley v. Riley, 233 Ky. 134, 25 S. W. (2d) 59. But the judgment granting divorce is not complained of and cannot be disturbed by us on an appeal. The settlement of the property rights and the refusal of the court to grant alimony to Mamie Perkins is before us for review. As has been said in an early part of this opinion, the property was conveyed jointly to the appellant and the appellee with fee to the survivor. It is not certain from this evidence just how much money each placed in this prop-

erty. Mamie testifies that they went "fifty-fifty" in the purchase price of the property and that they each placed what they made in equal proportion for the building and improvements thereon. A great number of canceled checks and receipts are introduced in this proof, which upon their face indicate that Haley Perkins paid for the improvements of this property. But, on the other hand, it is argued, and there is some evidence, that these checks and receipts represented payments made by Mamie or money that she furnished to Haley to make the payments and, as we have said before, it is absolutely impossible to say just which one made the payments or to strike a balance with any degree of certainty. The chancellor adjudged these parties to be equal owners of the real estate, and under our rule the chancellor's findings, when based upon ample and competent evidence, will not be disturbed unless affirmatively shown to be against the weight of the evidence. Enfield v. Woods, 198 Ky. 328, 248 S. W. 842; Gillock v. Williams, 199 Ky. 169, 250 S. W. 836.

The appellate court will on appeal examine the evidence for itself in equity cases, but some weight will be given chancellor's finding of fact. Charles v. Charles, 199 Ky. 208, 250 S. W. 855; Payne v. Payne, 202 Ky. 552, 260 S. W. 354; Forguson v. Newton, 212 Ky. 92, 278 S. W. 602. While under the rule to give much weight to chancellor's finding on facts, his finding will not be disturbed when the mind is left in doubt on credibility of witnesses. Lewis v. Shell, 205 Ky. 624, 266 S. W. 254; Jones v. Kentucky Glycerine Co., 226 Ky. 676, 11 S. W. (2d) 713. The judgment awarding Mamie Perkins to be an equal owner of the property is correct. As to the question of alimony as raised by the cross-appeal, we have examined this record and the evidence therein closely. These people have throughout their married life been rather equal business parties in the accumulation of property. It is conclusively shown that the earning capacity of the appellee is equal to that of the appellant in every way. The court has awarded her a one-half interest in the property that they have accumulated, and in view of that fact and her ability to earn money, we cannot say that the chancellor erred in refusing to grant her alimony. The judgment reserved the fixing of an attorney fee, which we presume will be fixed by the court. As no sum has been fixed, and as the judgment expressly reserves that question, we cannot say that

that question is properly before us, as no final order upon that point has been made.

Perceiving no error in the judgment, it is therefore affirmed upon both appeal and cross-appeal.