## Tutt v. Tutt.

February 14, 1947.

Rehearing denied April 25, 1947.

W. B. Ardery, Judge.

Bradley & Bradley for appellant.

Polk South, Jr. for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This action for divorce was instituted by Lewis J. Tutt against his wife, Louise A. Tutt, on the ground of cruel and inhuman treatment. He also sought a restoration of the property which he alleged his wife received during, and in consideration of their marriage.

The wife denied by answer the allegations of her husband and on her counterclaim sought divorce on the ground of cruel and inhuman treatment. She also alleged an agreement with her husband that all property which they acquired during their marriage should be owned equally, and asked for an equal division of the property.

Upon submission of the case the court granted the divorce to the wife, and adjudged her a one-half interest in the real and personal property. From that judgment the husband appeals.

The parties were married in Alexandria, Virginia, on the 19th day of July, 1921. The appellant, Lewis Tutt, originally came from Nicholasville, Kentucky, and the appellee, Louise Tutt, the daughter of a Naval Captain, made her home in Alexandria, Virginia, with her mother. For four months immediately following their marriage, they lived in Nicholasville where appellant was working for a salary of $90 per month. The latter part of 1921 they went to the home of appellee's

mother. Soon thereafter appellant obtained regular employment in Washington at $135.00 per month. He remained in this employment for about 2 years and then received an appointment as prohibition officer in Washington at $170 per month. In 1929 he became prohibition officer for the State of New Jersey which place he held for about 4 years, during which time he received as compensation $3900 to $4800 per year plus expenses. During this period, the appellant, or the appellant and his wife, working together, accumulated something over $100,000, which was placed in a safety deposit box in Washington in the name of appellee.

In 1933 the appellant resigned from the prohibition service and purchased a farm near Georgetown in Scott County, consisting of about 214 acres. $20,000 was paid in cash and the appellant and appellee executed a note for the balance of $25,000. The deed was executed to both the appellant and appellee. During this period and the following years certain stocks were accumulated and most of them were either bought, or placed, in the joint names of the parties.

The parties have two children, one a girl, who at the time of this action was a WAC sergeant and was more than 21, and a son who is about 14 years of age.

The only question presented by this appeal is whether or not the chancellor properly awarded the appellee, Louise Tutt, a one-half interest in all the property.

The appellant relies on Section 425 of the Code of Civil Practice for restoration of property, which provides as follows:

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage. The proceedings to enforce this order may be by petition of either party, specifying the property which the other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing."

He insists that all property accumulated was by reason of, or in consideration of their marriage, and, consequently, the court by proper order should have restored to him all the property thus accumulated.

Appellee contends that there was an agreement between them that they should hold everything acquired during marriage as partners and that the property was acquired through their joint efforts, and that she, therefore, was entitled to one-half of all of it.

The appellant denies any such agreement. The evidence relative to such an agreement, in the main, is the word of the wife against the word of the husband.

Appellee says that at the time they were married she had $700 or $800 and that appellant had no money. She deposited this money in a bank at Nicholasville and granted appellant the privilege of drawing on it. Several checks were introduced by the appellee indicating that he used that privilege. It is shown that the farm purchased was deeded to them jointly; that a note in the sum of $25,000, representing the balance due on the farm, was executed by both the appellant and appellee. The stock purchased was purchased in the name of both of them as joint owners. A joint bank account was carried until February 15, 1943, when the appellant had the account changed to the name of Audobon Farm, checks to be signed in the name of Lewis J. Tutt.

The evidence is conflicting concerning the accumulation of the $100,000 heretofore mentioned, which was placed in a safety deposit box in the wife's name in a Washington bank. The appellant says he made this money by speculation in the stock market and by playing cards in New York. The appellee says the major part of the money was earned by betting on horse races; that she had nothing else to do at night for about 12 years, and she spent much of the time at home studying forms and became quite adept at picking horses. She says she would pick the horses and her husband would place the bets. Appellant denies that much, if any, was made by playing the races, and contends that the major part of it was made by his poker games. It appears that when it came to the matter of reporting this income to tax authorities, it was reported as the joint income of appellant and his wife.

It is entirely unnecessary to discuss the grounds for divorce as such would shed very little light upon our consideration of the question before us.

The record unmistakably shows that the parties treated their accumulations as joint property, even from the very beginning of their marriage, as evidenced by the joint use of the $700 or $800 furnished by the appellee. This early joint, or partnership attitude is emphasized by the continued treatment of their accumulations as joint property in the manner heretofore shown.

We think the court below properly adjudicated the matter herein. See Perkins v. Perkins, 241 Ky. 695, 44 S. W. 2d 1073.

The judgment is affirmed.