# Cotton v. Cotton.

March 12, 1948.

Ward Yager, Judge.

William G. Reed for appellant.

J. L. Donaldson for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellant, Charles Cotton, brought this action below against appellee, Edna Koehler Cotton, seeking di-

vorce on the ground of living apart without cohabitation for five consecutive years. He also sought reference to the master commissioner for an accounting and for the sale of land on the ground of indivisibility. However, he did not prosecute these portions of the action.

The defendant filed answer and counterclaim in which she denied that the cause for divorce as set out in plaintiff's petition occurred without fault or like fault on the part of the plaintiff, and admitted that the parties to the action had not lived together or cohabited as husband and wife since in June 1933. On her counterclaim she prayed for divorce from the plaintiff; for alimony; for a restoration to her of property obtained by plaintiff through her during their marriage; and that she be adjudged the sole owner of the undivided one-half interest in real estate conveyed to plaintiff as set out in her answer and counterclaim.

Depositions of numerous witnesses were taken on behalf of the plaintiff. Taking the position that the proof taken by the plaintiff was ample and sufficient to sustain defendant's allegations and establish the relief sought by her, no proof was taken on behalf of defendant.

On the 4th day of September 1945, judgment was entered granting to the plaintiff the divorce, and further adjudging that the defendant recover of the plaintiff the sum of $10 per month as alimony beginning September 15, 1945; that the defendant recover of the plaintiff $600, which is one-half of $1,200 accumulated by the plaintiff as a result of the marriage relation; that the plaintiff recover of the defendant $300, being the amount paid by him as consideration for the conveyance to him of an undivided one-third interest in the real estate; and adjudged the defendant to be the owner of the one-third undivided interest in the real estate.

After waiting almost two years, appellant filed application with this court for appeal, which was granted.

This appeals involves two questions: (1) Alimony and (2) Restoration of property rights. Appellant takes the position that because the husband was properly awarded the divorce the wife is not entitled to alimony. For a proper understanding of the matter a brief resume of the facts is necessary.

The parties to this action were married on November 2, 1921. At the time of the marriage the defendant lived, and had been living for sometime, on the farm where they continued to live until the time of the separation. They lived here until sometime in June 1933, at which time the appellant left the farm and the home, and since that date they have not lived together or cohabited as husband and wife.

There is some evidence of a sort of bad disposition on the part of the wife as can be seen by her interruptions in the taking of the deposition of her husband and also on her deposition on cross-examination, and as might be further seen by the testimony of some of the tenants. But it will be observed first that the ground of divorce is not cruel and inhuman treatment but living separate and apart for five years. It would not be difficult to conclude that this manifest bad disposition was the reason the husband walked off and remained away more than 11 years before he brought this action for divorce, during which time, according to his testimony, he made no provision for his wife and contributed nothing to her support.

There was no evidence whatsoever that the defendant was guilty of any moral delinquency. She admitted and also alleged five years separation and living apart without cohabitation and without like or any fault on her part. Under the proof she was just as much entitled to a divorce as he was.

In the case of Ward v. Ward, 213 Ky. 606, 281 S. W. 801, in which the husband had sought divorce and relied upon the same ground as in the instant case, the wife answered and admitted the ground, and by counterclaim sought a divorce and alimony. We held, in substance, that when the ground alleged is living separate and apart without cohabitation for more than five years, and the ground is established by proven facts, either would be entitled to divorce regardless of the question as to whom was to blame for the separation.

In the instant case the evidence shows that the husband left the wife more than 11 years before the filing of the petition without making any provision for her maintenance or support. The record is silent as to the cause of his abandonment or leaving home. The posi-

tion, then, taken by appellant that merely because the husband is awarded the divorce the wife is not entitled to alimony, is not correct. See also Maher v. Maher, 295 Ky. 263, 174 S. W. 2d 289; Bordes v. Bordes, 272 Ky. 183, 113 S. W. 2d 1122; and Sharp v. Sharp, 202 Ky. 426, 194 S. W. 2d 835. The cases cited by appellant in support of his opinion are clearly distinguishable in that in each of them it was found that the wife was at fault.

Appellant seems to take the position that appellee should make an accounting to him because of stock and equipment that he left on the farm when he left her more than 11 years ago. As stated above, appellant made no provision for maintenance and support of his wife. He testified that he left five head of cattle, but on cross-examination he admitted that two of the cows were there and belonged to his wife at the time he married her, and that what was there represented the increase from these two cows; and that the hogs were the increase of hogs that together they had purchased soon after they were married. The equipment left, that is the farm implements, etc., was almost negligible. Certainly after 11 years of absence, and without responsibility toward the support of his wife, he cannot now be heard to complain about what little was left on the farm.

The evidence further shows that during the period of time he was on this farm, which she occupied before they were married, they had been able to accumulate $1,200 from the proceeds of crops and produce grown on the farm. This resulted in the joint effort of both of them, and on a farm which she occupied before their marriage. We think under the authority of Tutt v. Tutt, 304 Ky. 480, 200 S. W. 2d 924, that this accumulation should have been treated as joint property, and the court properly adjudged the wife one-half of it.

The last question raised is that concerning the undivided interest in the farm. As stated heretofore, it appears that this farm belonged to relatives of the defendant; that she had lived on it for sometime prior to their marriage; and that after the marriage they purchased a one-third undivided interest in the farm for a consideration of $700, $300 of which was paid by appellant and $400 by appellee. Appellee alleged that she

did not know the farm had been put in the name of her husband until after this action was brought and that during all these years she had been paying the taxes on the farm, and that appellant fraudulently had the farm deeded to him. The court rightly adjudged that she should return to appellant his $300 on the purchase price and that appellant should deed this one-third undivided interest back to his wife.

Wherefore, the judgment is affirmed.