**Clay GAY, Appellant,**

**v.**

**Betty Pace GAY, Appellee.**

Court of Appeals of Kentucky.

Dec. 1, 1967.

Robert C. Muncy, Hyden, for appellant.

J. K. Beasley, Harlan, for appellee.

OSBORNE, Judge.

On March 13, 1965, appellant and appellee entered into a property settlement agreement which was included in a stipulation as

to the custody of their two children, Cecelia Ann Gay, them age 19 months and Dwight David Gay, then age 5 months. This agreement was incorporated in the judgment of the Harlan Circuit Court in a divorce proceeding between the parties. Under the agreement and the judgment, appellant was required to pay the sum of $250 as support each month beginning on April 15, 1965, and a like sum monthly thereafter. As is customary with such orders, this one provided that it was subject to change by the court upon a showing of a change in conditions. Appellee made the $250 payment for the month of April, 1965, but thereafter fell short. In May, he paid $150, in June nothing, July $100, August $200, September $110, October nothing, November nothing, December nothing, and as of October 31 is $940 in arrears. Appellee filed a motion to show cause. The trial court found the facts as above stated; held appellant to be in contempt and directed that he purge himself by making the payments or be committed to jail. The case is now before us upon an appeal from this order.

Appellant contends that he did not understand at the time the agreement was made that the payments would have to be kept current. He further asserts that the payments are now excessive and asked the court for a reduction basing his argument upon the fact that his wife is now employed as a school teacher. The trial court overruled the motion for modification citing as authority Richey v. Richey, Ky., 389 S.W.2d 914. We believe this action was proper. We, like the trial court, are not convinced that appellant did not understand the agreement. He is a school teacher, has served in the legislature and makes his residence with a circuit judge. With this background, we believe he understood the obligations that he was placing upon himself when he signed the property settlement agreement. In any event, this is a matter which addresses itself to the sound discretion of the trial court and when that discretion is not abused the court's findings will not be disturbed. Somerville v. Somerville, Ky., 339 S.W.2d 940. The primary obligation for support of children is upon the father and this fact is not changed irrespective of the mother's income. Ward v. Ward, 213 Ky. 606, 281 S. W. 801; Gamblin v. Gamblin, Ky., 354 S. W.2d 504.

The judgment is affirmed.

All concur.