# Richmond

## Pelzo Samuel Mason v. Helen Louise Swaim Mason.

January 20, 1969.

Record No. 6801.

Present, All the Justices.

*Herman A. Sacks; Alan D. Zaleski (Sacks, Sacks & Kendall,* on brief), for appellant.

*Jerrold G. Weinberg (Stackhouse & Weinberg,* on brief), for appellee.

I'Anson, J., delivered the opinion of the court.

On June 2, 1966, Pelzo Samuel Mason filed a bill of complaint in the court below seeking a divorce *a vinculo matrimonii* from his wife, Helen Louise Swaim Mason, on the sole ground that the parties had lived separate and apart without any cohabitation and without interruption for two years, under the provisions of § 20-91(9), Code of 1950, as amended (1960 Repl. Vol., 1968 Cum. Supp.)

The wife filed an answer admitting that she and her husband had lived separate and apart for the statutory period, but she alleged in her cross-bill that in a prior suit for divorce, filed in the Circuit Court of the City of Norfolk, the chancellor denied a divorce to both parties and ordered her husband to pay her $25.00 per week as alimony, which was subsequently reduced to $20.00 per week, and she prayed that she be awarded alimony and attorney's fees in this suit.

Mason's answer to his wife's cross-bill admitted that the circuit court dismissed her bill praying for a divorce on the grounds of cruelty and desertion, and his cross-bill alleging desertion, and ordered him to pay alimony to his wife. He asserted, however, that the court's decree, which was attached to his answer, adjudicated that he was not guilty of constructive desertion, and that the alimony awarded her in that suit "has no bearing on the instant case."

The cause was referred to a commissioner in chancery, who after hearing evidence reported that the husband was entitled to a divorce *a vinculo matrimonii* and that no alimony be awarded the wife.

Upon consideration of the exceptions to the commissioner's report, the chancellor granted Mason a divorce but ordered him to pay his wife $20.00 a week as alimony. We granted Mason an appeal.

The evidence shows that the parties were married on August 18, 1934; that they separated on June 2, 1964; and that they have lived separate and apart without cohabitation and without interruption for more than two years. Both parties were employed, and there was testimony as to their respective earnings and financial obligations.

█ Mason first contends that since he was granted the divorce the chancellor erred in awarding alimony to his wife. He relies on the established rule in Virginia that alimony will not be awarded a wife when the husband is granted a divorce because of her fault or misconduct. *McClung* v. *McClung*, 206 Va. 782, 146 S. E. 2d 195 (1966); *Stolfi* v. *Stolfi*, 203 Va. 696, 702, 126 S. E. 2d 923, 927 (1962).

█ The principle relied on, however, has no application in the present case. The question of fault in granting the divorce to Mason was not in issue. Code § 20-91(9), under which this suit was brought, provides that separation without any cohabitation and without interruption for two years is a ground for divorce from the bond of matrimony and permits either spouse to bring suit regardless of

which one was at fault in bringing about the separation. *Canavos v. Canavos*, 205 Va. 744, 746-748, 139 S. E. 2d 825, 828; 14 A.L.R. 3d 495 (1965). See also, Wadlington, *Divorce Without Fault Without Perjury*, 52 Va. L. Rev. 32, 66-68 (1966).

In *Canavos, supra,* which is a sequel to *Canavos v. Canavos*, 200 Va. 861, 108 S. E. 2d 359 (1959), one of the several issues before us was the inadequacy of the alimony award. The question of whether the wife could be awarded alimony when the husband instituted the suit and obtained a divorce pursuant to the provisions of § 20-91(9) was not raised. 205 Va. at 748, 139 S. E. 2d at 828.

When the legislature added subsection 9 to § 20-91 as an additional ground for a divorce *a vinculo matrimonii,* and when it amended the subsection by adding the "non-fault" provision (Acts of Assembly, 1962, ch. 288), it was provided, and still is provided by § 20-107, Code of 1950 (1960 Repl. Vol., 1968 Cum. Supp.), that "Upon * * * decreeing a divorce * * * the court may make such further decree as it shall deem expedient concerning the * * * maintenance of the parties, or either of them * * *." In the enactment of subsection 9 of § 20-91 and the "non-fault" amendment in 1962 there was no exception made to the applicability of § 20-107,[1] and the court's power to award alimony remained unaffected. Thus the existing statutory authority for a chancellor to award alimony to a wife is applicable when a husband obtains the divorce under § 20-91(9).

Courts of last resort of other jurisdictions have held that a wife may be entitled to alimony although the divorce is granted to the husband under statutes entitling either spouse to a divorce when they have lived separate and apart without cohabitation and without interruption for a specified number of years,[2] or have *voluntarily* lived separate and apart for a specified number of years.[3] 27A C.J.S., Divorce, § 229(3)(d), p. 1014.

In the instant case Mason was not granted the divorce because of fault or misconduct on the part of his wife, but under the "non-fault" provisions of subsection 9 of Code § 20-91. Thus it is manifest that Mason's first contention, that his wife was not entitled to alimony because he was granted the divorce, is without merit.

---

1. This section was amended in 1962 (Acts of Assembly, ch. 242) by adding the present last sentence, which has no bearing on the issue in the present case.

2. *Waits* v. *Waits*, 277 S.W. 2d 5, 7 (Ky. 1955); *Jolliffe* v. *Jolliffe*, 76 Idaho 95, 278 P. 2d 200, 202, 203 (1954).

3. *Hughes* v. *Hughes*, 216 Md. 374, 140 A. 2d 649, 651; *Foote* v. *Foote*, 190 Md. 171, 57 A. 2d 804.

Mason's second contention is that his wife was not entitled to alimony because there is no evidence that the separation was caused by his misconduct.

We agree that there was no evidence that the separation was caused by Mason's misconduct. But there was also no evidence that the misconduct or fault of the wife caused the separation. Hence there was no showing of the cause of the separation.

Under a Kentucky statute similar to ours, which entitles either spouse to a divorce when they have lived separate and apart for the statutory period and the cause of the separation is not shown, a wife may be entitled to alimony even though the husband is granted the divorce. See, *Cotton* v. *Cotton*, 306 Ky. 826, 209 S. W. 2d 474.

We hold that although Mason was granted the divorce under the provisions of Code § 20-91(9), he is not relieved of his obligation to support his wife. There was no showing of the cause of the separation and thus the chancellor did not err in awarding her alimony.

In the light of the fact that the chancellor allowed counsel for the wife a fee of $400 for his services in the court below, an additional fee of $250 is allowed counsel for services in this court.

For the reasons stated, the decree of the court below is

*Affirmed.*