## CIRCUIT COURT OF HENRICO COUNTY

Francine Scott

v.

Gray Scott

April 25, 1989

Case No. 87C719

By JUDGE JOSEPH F. SPINELLA

The plaintiff filed a bill of complaint on July 8, 1987, in which she requested the Court to grant her a divorce on the grounds of desertion, cruelty, and apprehension of bodily harm occurring on or before July 2, 1987. A cross-bill was filed by the defendant requesting a divorce on the grounds of constructive desertion. Extensive depositions were taken, and the issues were argued before the Court on February 6, 1989. All matters other than spousal support, attorney fees, and the entry of the final decree have been resolved or disposed of. No briefs have been filed. The Court has considered arguments of counsel and has reviewed the file and read the depositions and now makes the following findings and rulings.

The evidence is quite clear that the parties mutually agreed to separate. It was agreed by both that on June 21, 1987, a note to that effect was signed by the plaintiff, and the testimony of the plaintiff and the defendant indicates that the defendant left the home of the parties taking some personal belongings with him. On July 2, 1987, the defendant returned to the home of the parties to visit, and he found that the locks had been changed and he no longer had access to the home. The defendant takes the position that when the plaintiff changed the locks without

his consent, she deserted him because he was denied access to the home of the parties.

The plaintiff testified that the defendant never physically abused her during the marriage, had never struck her, never touched her in anger, and never threatened her with physical harm (Tr. p. 12, 13).

On July 2, 1987, after the separation, the defendant assaulted the plaintiff in trying to obtain her checkbook from her pocketbook, and it is this act of violence which the plaintiff points to for her allegation of cruelty. There is nothing in the record which indicates that either party was guilty of conduct towards the other party which would be sufficient to establish cruelty or reasonable apprehension of bodily harm. The one act of violence occurred after the separation and therefore could not be the cause for the separation or the grounds upon which a divorce could be granted. The only question remaining is whether one party is guilty of desertion or constructive desertion under the law.

In the case of *Nash v. Nash*, 200 Va. 890, 108 S.E.2d 350 (1959), the Supreme Court defined willful desertion as follows:

> Desertion is a breach of matrimonial duty and is composed first of the breaking off of the matrimonial cohabitation and, secondly, an intent to desert in the mind of the offender. Both must combine to make the desertion complete.

This definition was cited in the case of *Brawand v. Brawand*, 1 Va. App. 305 (1986). In that case the court stated that the intent to desert will be inferred when it is shown that one party has broken off the matrimonial cohabitation unless that party can show justification or excuse for leaving.

In this case, the defendant has shown that his excuse for breaking off the matrimonial cohabitation was the mutual agreement of the parties to separate.

In *Smith v. Smith*, 202 Va. 104, 116 S.E.2d 110 (1960), the court stated:

> A separation by mutual consent will be presumed to continue by mutual consent until one of the

parties withdraws consent and offers to resume cohabitation, in which case the burden is on the offending party to prove that the offer was made in good faith and was refused without justification.

It would appear to the court that neither party would be able to claim that the other party broke off the matrimonial cohabitation until the mutual agreement to separate is terminated, and therefore, neither party can obtain a divorce on the grounds of desertion.

Accordingly, the court will not award a divorce to either party on the grounds of desertion but will grant a no-fault divorce when the proper motion is filed.

With regard to the question of spousal support, it seems clear from the evidence that the defendant was unable to establish fault on the part of the plaintiff.

In the case of *Mason v. Mason*, 209 Va. 528 (1969), the court held that, "Although a party is granted divorce under the provisions of § 20-91(9), he is not relieved of his obligation to support his wife."

In the case of *Rowand v. Rowand*, 215 Va. 344 (1974), the court held that, "A wife forfeits her right to maintenance and support from her husband only if her misconduct constitutes grounds for divorce." *See also Rexrode v. Rexrode*, 1 Va. App. 385, 339 S.E.2d 544 (1986).

Consequently, the court holds that the plaintiff is entitled to spousal support, and the court will ask counsel to obtain a hearing date to present additional and current evidence as to income and expenses of the parties.

With regard to attorney fees, the court will determine the amount to be awarded, if any, after hearing the financial condition of the parties at the evidentiary hearing concerning spousal support.