### Richmond

## RAMON ILIFF

### V.

## WARREN F. RICHARDS AND GLENN STARK

November 26, 1980.

Records Nos. 781669 and 790015.

Present: All the Justices.

*Kaletah N. Carroll* for appellant. (Records Nos. 781669 and 790015).

*Adelard L. Brault* (*Brault, Lewis, Geschickter and Palmer,* on brief), for appellees. (Records Nos. 781669 and 790015).

COMPTON, J., delivered the opinion of the Court.

In this damage suit arising from a motor vehicle collision, we consider whether the trial court was correct in dismissing one defendant, upon motion of plaintiff at the pleading stage for a voluntary nonsuit, without notice to the other defendant who had previously filed a cross-claim. We think the lower court erred and reverse.

The chronology is important. On August 26, 1976, plaintiff-appellee Warren F. Richards was injured while a passenger in a vehicle operated by defendant-appellee Glenn Stark which collided with another vehicle operated by defendant-appellant Ramon Iliff. On August 3, 1978, plaintiff, by counsel, filed a motion for judgment in the court below against Iliff and Stark seeking damages for his bodily injuries. Iliff was served with the notice of motion for judgment on August 10 and Stark was served August 21.

On August 23, 1978, defendant Iliff, by counsel, filed a grounds of defense and cross-claim.[1] In the cross-claim he sought recovery against

---

[1] Rule 3:9 provides:

"A defendant may, at his option, plead as a cross-claim any cause of action that he has or may have against one or more other defendants growing out of any matter pleaded in the motion for judgment. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-

Stark for bodily injuries sustained in the accident and indemnity from Stark in the event plaintiff recovered against Iliff. The Rule 1:12 certificate of Iliff's counsel stated a copy of the pleading was mailed to counsel for plaintiff and to defendant Stark individually at the address shown on the motion for judgment.

On the next day, August 24, plaintiff Richards, by counsel, filed a motion for entry of a "voluntary non-suit of the defendant, GLENN STARK" with a certificate of plaintiff's counsel stating "that a true copy of the foregoing has been furnished to Adelard L. Brault, Esq., counsel for defendant Iliff, by hand delivery, this *24* day of August, 1978, . . ." Brault, counsel for Stark, was not then counsel for Iliff nor did he ever appear on behalf of Iliff. The motion was never served on Iliff or his attorney.

On the same day, one of the orders appealed from was entered, as follows:

WARREN F. RICHARDS,
Plaintiff,

vs.

RAMON ILIFF
and
GLENN STARK,
Defendants.

## *ORDER*

The 24th day of August, 1978, came the plaintiff, by counsel, and moved the Court to non-suit the above cause of action as to defendant Glenn Stark; and there being no objection, as evidenced by endorsement of this Order by counsel for the parties, it is by the Court

---

claimant. The court in its discretion may order a separate trial of any cause of action asserted in a cross-claim.

"A cross-claim shall, subject to the provisions of Rule 1:9 [dealing with extensions of time], be filed within twenty-one days after service of the notice of motion for judgment on the defendant asserting the cross-claim.

"A cross-claim is a new action and all provisions of these Rules applicable to notices of motion for judgment shall apply to cross-claims, except those provisions requiring payment of writ tax and clerk's fees; and all provisions of these Rules applicable to defendants shall apply to the parties on whom cross-claims are served."

ORDERED that defendant Glenn Stark be non-suited and dismissed from this case without prejudice.

Entered this *24* day
of August, 1978.

/s/ JAMES C. CACHERIS
Judge

SEEN:

/s/ THOMAS APPLER
Thomas L. Appler
BOOTHE, PRICHARD and DUDLEY
   Counsel for Plaintiff

/s/ A. L. BRAULT
Adelard L. Brault
        RHL.
BRAULT, LEWIS, GESCHICKTER & PALMER
   Counsel for Defendant
      Glenn Stark

Obviously, there was no endorsement by or on behalf of Iliff.

On August 25, 1978, Iliff, unaware of the entry of the order, filed through different counsel a motion to amend the cross-claim, asserting the "original Cross-Claim" was filed by an insurance carrier's attorney and not by his "own private attorney." The motion further stated that Iliff wished to clarify the cross-claim to state he was seeking a judgment for his damages as the result of Stark's negligence and that the cross-claim was in no way contingent on plaintiff's recovery against Iliff. On August 31, 1978, in a paper showing that Iliff was the only defendant in the case, plaintiff, by counsel, propounded 35 interrogatories to Iliff dealing with the merits of plaintiff's claim.

On September 12, 1978, defendant Stark, by counsel, moved to dismiss the cross-claim. He asserted Iliff's August 23 cross-claim was not served on Stark in accordance with the Rules; that because of the August 24 order nonsuiting Stark, Stark was not a party to the suit; and that the Rules of Court make no provision for a cross-claim against one not a party to the action.

On October 27, 1978, the trial court, acting through Honorable Lewis D. Morris, Judge, entered the other order appealed from. The court granted Stark's motion to dismiss the cross-claim, reciting in the order "that Glenn Stark, at the time of the filing of the Cross-Claim of

defendant Ramon Iliff against said Glenn Stark, was not a party to this cause of action, . . ." No reason for that conclusion was contained in the order.

■ Because of the view we take of this case, we need only deal with the order of August 24, 1978. In addition to contending this Court lacks jurisdiction to entertain this appeal, a position we will presently address and reject, defendant Stark (plaintiff Richards has not appeared on appeal) argues the trial court acted properly in entering the August order. Stark points to Code § 8.01-380[2] and says the statute gave plaintiff an "absolute right" to a nonsuit without notice under the circumstances of this case, implicitly contending that Iliff's cause of action against Stark could be adjudicated independently of the plaintiff's claim against Iliff and Stark. Stark also refers to Rule 1:13 which provides that orders shall not be entered except upon notice or endorsement by all counsel, but permits notice or endorsement to be dispensed with in the court's discretion. Thus, Stark argues, the trial court's order was valid and should not be vacated. We disagree. The record demonstrates that the court below either overlooked or disregarded Iliff's cross-claim; the order of nonsuit should not have been entered without notice to that defendant.

The sketch of the August order presented to the trial judge contained a clear, unmistakable misrecital which should have been obvious upon a review of the draft. It stated that "counsel for the parties" had endorsed the sketch indicating no objection to its entry, yet it had been endorsed on behalf of only one defendant, the caption showing the existence of two parties defendant.

But more importantly, the court below entered the order without requiring notice to Iliff, who had properly filed a cross-claim in the case the previous day. The moment the cross-claim was filed on August 23 in the clerk's office under Rule 3:9, the cause of action for personal

---

[2] As pertinent here, § 8.01-380 provides:

"**Dismissal of action by nonsuit.**—A. A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision. . . .

\* \* \*

"C. A party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a . . . cross-claim . . . which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the . . . cross-claim . . . can remain pending for independent adjudication by the court."

injuries stated therein was instituted and pending against the co-defendant Stark. Code § 8.01-233(A).[3]

Therefore, the trial court in the exercise of discretion should have required notice to Iliff's counsel of record before entering the August 24 order. Entry of the order as presented without notice to Iliff served not only to dismiss the defendant against whom the cross-claim had been filed but operated to effectively eliminate the cross-claim from the case. This failure on the part of the trial court was an abuse of discretion amounting to reversible error. *Cofer* v. *Cofer*, 205 Va. 834, 836-37, 140 S.E.2d 663, 665 (1965).

■ Stark contends, alternatively, the lower court's action was "harmless error" because the normal two-year statute of limitations on Iliff's personal injury claim had not run on August 24 and its operation had been tolled by filing of plaintiff's action. § 8.01-233(B).[4] Stark implies that Iliff could have filed within the period of limitation extended a motion to vacate the order, could have begun a third-party action, or could have instituted a separate suit by motion for judgment against Stark and thus would not have been prejudiced by Stark's dismissal. We are not persuaded by that argument.

While it is true Iliff conceivably could have taken steps after he learned of entry of the August order to try to rectify the court's error, we cannot say he was not prejudiced, or that he somehow waived the court's mistake, by failing to so act. Iliff, having properly instituted his action against Stark by the inexpensive cross-claim method, was not bound to expend additional time, and possibly incur added expense, in an effort to prosecute a claim which once had been pending but subsequently had been rendered a nullity without notice to him.

■ Finally, as we have already said, we reject Stark's contention that we lack jurisdiction to entertain this appeal. His argument is premised on the rule that, in Virginia, an order of nonsuit is ordinarily not a final judgment, *Mallory* v. *Taylor,* 90 Va. 348, 18 S.E. 438 (1893), and thus is not appealable under Code § 8.01-670(A)(3).[5] But when, as here, an order of nonsuit improperly dismisses a party defendant against whom a valid cross-claim has been duly filed, effectively time-

---

[3] "A defendant who pleads a counterclaim or cross-claim shall be deemed to have brought an action at the time he files such pleading."

[4] "If the subject matter of the counterclaim or cross-claim arises out of the same transaction or occurrence upon which the plaintiff's claim is based, the statute of limitations with respect to such pleading shall be tolled by the commencement of the plaintiff's action."

[5] "Any person may present a petition for an appeal to the Supreme Court if he believes himself aggrieved...[b]y a final judgment in any...civil case;..."

barring the cause of action set forth in the cross-claim, we hold such order is a final, appealable judgment as to the cross-claimant within the meaning of the statute.

For these reasons, the order of August 24, 1978, will be reversed and vacated, Stark will be restored as a party defendant, the cross-claim will be reinstated, and the case will be remanded to the trial court. Upon remand, the case will proceed anew from its August 24, 1978 status upon the plaintiff's motion for judgment and Iliff's cross-claim, as if the nonsuit had not been entered.

*Reversed and remanded.*