### Richmond

SUZANNE WOODFIELD MCCAUSEY

v.

ERNEST L. MCCAUSEY

November 26, 1980.

Record No. 781330.

Present: All the Justices.

*Morris H. Fine* (*Fine, Fine, Legum and Fine,* on brief), for appellant.

*Henry M. Schwan* for appellee.

PER CURIAM.

Alleging constructive desertion, Ernest McCausey sued his wife, Suzanne, for divorce. Suzanne filed a cross-bill charging desertion and cruelty.

Ernest introduced evidence to show that Suzanne withdrew from the marital bed; that she often went out alone at night, attended a night spot, and did not return until the early morning hours; that his wife neglected her household duties and supervision of their hyperactive daughter; that, at the age of 14, the daughter underwent an abortion for a pregnancy conceived out of wedlock; that Suzanne resisted his efforts to eject the daughter's boyfriend from the McCausey home; that Suzanne "made over [the daughter's boyfriend] just like she was in love with him"; that the stress and tension in the home and the sleep he lost made him emotionally and physically unable to properly perform the duties of his job; and that he left the home on July 22, 1975 upon the advice of a psychologist.

Several incidents described in Suzanne's evidence indicated that Ernest was prone to violence. He pushed her to the floor and bruised her legs and knees; he struck her in the face, causing an injury to her ear which later required medical attention; he tore off her blouse, pulled out a "hunk" of her hair, ripped the telephone from the wall, and attempted to break down the bathroom door; he beat their daughter repeatedly and once held a broken bottle to her throat;

and he threatened to kill the daughter's boyfriend.

The commissioner in chancery recommended that the wife be granted a divorce "on the ground of willful desertion and abandonment." In a letter opinion addressed to counsel, the chancellor ruled that "neither party is entitled to a divorce . . . on the grounds of desertion or constructive desertion. I believe that they are now in a position to obtain a divorce on the grounds of separation for more than one year without cohabitation and without interruption. I would suggest that each of you take such action as you deem in the best interest of your client". Pursuant to Code § 20-121.02, Suzanne moved for a no-fault divorce under Code § 20-91(9)(a). By final decree entered June 16, 1978, the chancellor confirmed his letter opinion, granted Suzanne a no-fault divorce, and, finding that Suzanne had not "established a need", denied her spousal support.

■ By assignments of error and cross-error, both parties challenge the chancellor's ruling that neither was entitled to a divorce on fault grounds. Without repeating the summary of evidence recited above, we hold that the evidence was sufficient to support that ruling. In addition, the evidence clearly establishes that the parties had lived separate and apart for more than a year, and the decree will be affirmed insofar as it granted the wife a no-fault divorce.

■ The wife further contends that the chancellor erred in denying her claim for spousal support. Assigning cross-error, the husband says that the trial court erred "in not reserving spousal support rights" to him.

"[U]pon decreeing that neither party is entitled to a divorce, the court may make such further decree as it shall deem expedient concerning" spousal suppport, provided that no award shall be entered against either "if there exists in his or her favor a ground of divorce". Code § 20-107. See *Rowand* v. *Rowand*, 215 Va. 344, 210 S.E.2d 149 (1974). The same rule prevails when the marriage is terminated by a no-fault divorce. Code § 20-91(9)(c). See *Mason* v. *Mason*, 209 Va. 528, 165 S.E.2d 392 (1969). Since we have concluded that the evidence supports the chancellor's ruling that no ground of divorce based on fault exists in favor of either party, there was no statutory impediment to an award of spousal support.

From the commissioner's report filed December 27, 1977, it appears that Suzanne was then 45 and Ernest 50 years of age. The parties had been married 23 years. Two of their three children were emancipated and the daughter was 16 years of age. Upon the husband's insistence, the wife had remained in the home and had never

been employed. Suzanne had never graduated from high school but had earned a clerk-typist's certificate from a vocational school and had passed a civil service test for a clerk's position. She had undergone one operation for varicose veins in both legs and needed further corrective surgery. The husband had a net income of $833.10 per month. His monthly expenditures, including the $205.39 payments he made on the mortgages in the jointly-owned marital home, were $818.94. If Suzanne had been required to make the mortgage payments, her monthly expenditures would have been $838.39. Since the separation, her income had been approximately $400 per month, including $65 per week furnished by her husband and $30 per week paid by a boarder. Her son paid the expenses she was unable to pay. Based upon these findings, the commissioner recommended that the husband be required to pay the wife and the then-minor daughter $400 per month and that the wife be required to make the mortgage payments. Prior to entry of the final decree, the home had been sold and the proceeds divided between the parties and the daughter had attained her majority.

As noted, the chancellor found that the wife had "established [no] need" for spousal support. We hold that this finding was contrary to the evidence. We further believe the record shows that, at the time the decree was entered, the husband was not only self-supporting but also had the capacity to make some contribution to the support of the wife. Accordingly, we find no merit in the assignment of cross-error and, insofar as the decree denied the wife spousal support, the decree will be reversed. The cause will be remanded with instructions to enter a spousal support award in favor of the wife in accordance with the criteria contained in Code § 20-107.

*Reversed and remanded.*