## CIRCUIT COURT OF THE CITY OF ROANOKE

Roger Bernard Jones

v.

Commonwealth of Virginia

January 23, 1989

Case No. CL84000463R

By JUDGE CLIFFORD R. WECKSTEIN

On January 9, 1989, the Clerk's Office of this Court received a Motion to Dismiss, filed by the Attorney General, along with a draft of an Order granting the Motion to Dismiss. The Motion contains a certificate of mailing to Mr. Jones. No copy of the Attorney General's letter transmitting the Motion and draft Order to the Clerk was sent to Mr. Jones, so far as appears from the face of the letter. Thus, I have no way of knowing whether Mr. Jones was sent a copy of the proposed Order of Dismissal. The Certificate of Mailing appended to the Motion to Dismiss was to an address that is not the latest address in this Court file.

Rule 1:5 of the Rules of the Supreme Court of Virginia provides, in pertinent part: "'Counsel of record' includes a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case."

Under Rule 1:5, Mr. Jones is "counsel of record" in this case.

Rule 1:13 provides:

Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts

together with copies thereof shall be served by delivering or mailing to all counsel of record who have not endorsed them. Compliance with this rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion.

Mr. Jones has not endorsed the draft dismissal order, nor has he been given notice of the presentation of this order. The effect of the tendered order would be to dismiss Mr. Jones's petition for extraordinary writ on its merits. Yet, Mr. Jones has no notice whatsoever, so far as the record reflects, that this Order has been tendered to the Court for consideration. From the fact that Mr. Jones has notice that a Motion to Dismiss has been filed, the Court cannot infer that Mr. Jones knows that opposing counsel believes the matter matured for ruling on this Motion, or that an Order which would grant the motion has been tendered for entry. Any person familiar with the normal course of civil litigation (or, for that matter, with normal practice in criminal cases) has the right, under the Rules, to assume that no dispositive motion would be ruled on without further notice.

I call to the Attorney General's attention the opinions of the Supreme Court of Virginia in *Rosillo v. Winters*, 235 Va. 268, 272, 367 S.E.2d 717 (1988), and *Iliff v. Richards*, 221 Va. 644, 648-49, 272 S.E.2d 645 (1980), and the opinion of the Court of Appeals of Virginia in *Norfolk Division of Social Services v. Unknown Father*, 2 Va. App. 420, 428, 345 S.E.2d 533 (1986). Considering these holdings, I am of the opinion that it would be an abuse of discretion for this Court to dispense with compliance with the requirements of Rule 1:13.

I can anticipate that the Attorney General might well argue that, in most *habeas corpus* cases, in which "counsel of record" is an unrepresented prisoner, notice of the tender of a draft order would involve considerable, and perhaps unproductive, expenditure of time and effort. There are two ready answers to this argument.

First, of course, Rule 1:13 is not a rule adopted by this Court, but by the Supreme Court of Virginia. If the Attorney General believes that different rules should exist for proceedings commenced by unrepresented prisoners in which extraordinary common law relief is sought, then

the Attorney General should proceed in the appropriate manner to ask the Supreme court to modify the provisions of Rule 1:13.

Second, Rule 1:13 does not require personal appearance by counsel tendering a draft order. In the absence of persuasive argument to the contrary, it would appear to me that Rule 1:13 would be complied with if counsel seeking the entry of an order gave sufficient advance notice to opposing counsel of record that the proposed order was being tendered to a named judge, with the request that the judge, in chambers in a particular courthouse, enter that order on or after a particular date. A copy of the draft order would be attached to and incorporated by reference in such notice. Counsel of record opposing the entry of that order would then have notice that the draft order was being tendered, and would have the opportunity to respond, or to set forth reasons that oral argument should be had.

For the reasons set forth above, I will decline to consider the tendered order until Rule 1:13 has been complied with. Furthermore, until Rule 1:13 is modified, or a ruling of a court of superior jurisdiction satisfies me that I have misread the holdings in *Rosillo*, *Iliff*, and *Norfolk Division of Social Services*, I will decline to consider any future dismissal orders tendered by the Attorney General in similar cases unless Rule 1:13 is complied with. I am aware, from prior correspondence with another Assistant Attorney General, that the Office of the Attorney General believes that circuit judges in Virginia routinely dispense with compliance with this Rule in this sort of case. Based particularly on the Supreme Court's most recent holding, *Rosillo*, I do not believe that the Supreme Court would countenance such a continued course of conduct.