DAVID LEWIS GOODMAN

v.

ELIZABETH HAMMAN

No. 1567-93-4

Decided September 27, 1994

72

COUNSEL

Mark A. Barondess (Mark B. Sandground; Brian D. West; Sandground, Barondess & West, P.C. on brief), for appellant.

Peter R. Sherman (John F. Lanham; Sherman, Meehan & Curtin, P.C.; Hall, Monahan, Engle, Mahan & Mitchell, on brief), for appellee.

OPINION

**BRAY, J.**—Elizabeth Hamman (wife) was awarded a divorce from David Lewis Goodman (husband) upon pleadings which husband argues were inadequate to sustain such relief. We agree and reverse the decree.

Because the assigned error relates solely to procedural aspects of the proceedings below, we recite only those facts pertinent to that issue.

This cause was commenced upon husband's bill of complaint for divorce filed in the trial court on July 29, 1992. This pleading prayed for a divorce *a mensa et thoro*, spousal support, equitable distribution of the marital property, counsel fees and costs, and related relief, all based upon appropriate allegations. Subsequently, husband filed an "[a]mended and [s]upplemental" com-

plaint which repeated much of the original bill, with an added prayer for a divorce *a vinculo matrimonii* and attendant allegations.

Wife, by counsel, responded to husband's amended bill of complaint, denying any misconduct which would entitle husband to "the relief prayed for or to any relief whatsoever." Wife's pleading, styled an "Answer to Amended and Supplemental Bill of Complaint," also moved for "dismissal of the Bill of Complaint," an award to her of costs and counsel fees expended incidental to the proceedings, and "such further relief as the nature of [her] cause may require." However, her response included no cross-bill or other independent complaint. *See* Rules 1:4 and 2:13.

The pleadings were followed by months of substantial discovery between the parties and a pretrial conference, scheduled on wife's motion. Coincidental with her conference motion, wife filed an "[a]pplication," which stated simply:

Now comes the Respondent, by counsel, and prays for a divorce from the bonds of matrimony under Virginia Code Section 20-91(9) and for her grounds states that the parties hereto have intentionally lived separate and apart without interruption and without cohabitation for a period of one year.

Thereafter, but prior to trial, husband presented an "Order of Non-suit" to the trial court which "dismissed" his bill of complaint, "without prejudice," and the court engaged this issue with counsel at the inception of the trial proceedings. Husband asserted an "absolute right to . . . nonsuit" his action pursuant to Code § 8.01-380. Wife, however, objected, arguing that she had traveled from Texas to be personally present, that significant resources had been expended in preparation for trial, and that her "consent" to the nonsuit was required by Code § 8.01-380(C). Nevertheless, should a nonsuit be granted to husband, wife alternatively moved the court to permit her to "go forward" on her earlier "application" for a divorce pursuant to Code § 20-121.02.[1]

---

[1] **Decree of divorce without amended bill or amended cross-bill.** — In any divorce suit wherein a bill of complaint or cross-bill prays for a divorce from the bonds of matrimony under § 20-91 or prays for a divorce from bed and board under § 20-95, at such time as there exists in either party's favor grounds for a divorce from the bonds of matrimony under § 20-91(9), either party may move the court wherein such divorce suit is

Following extensive argument of counsel, the trial court sustained husband's motion for a nonsuit but allowed wife to proceed on her "application for a divorce." Despite husband's contention that wife's application did not constitute a proper "counterclaim," "crossclaim," "crossbill," or other pleading sufficient to maintain an independent cause for divorce, the court concluded that considerations of "fairness" to wife and "the circumstances of this case" entitled her to "proceed . . . under Section 20-121.02." Following presentation of wife's evidence, the trial court awarded her a divorce based "upon her application," which decree is the object of this appeal.

■ Code § 8.01-380 assured husband the right to nonsuit his cause, "notwithstanding [wife's] loss of time and expense incurred in preparation" for trial and "any disruption which may result to the court's docket."[2] *Trout v. Commonwealth Transp. Comm'r*, 241 Va. 69, 73, 400 S.E.2d 172, 174 (1991). However, in order to "give balance" to the exercise of this "powerful tactical weapon," the statute imposes "several conditions" to the right. *Id.* Among these limitations is the necessity that the "adverse party who has filed a counterclaim [or] cross-claim . . . which arises out of the same transaction or occurrence" consent to the nonsuit, unless such claim "can remain pending for independent adjudication by the court." Code § 8.01-380(C). Thus, in such instances, the nonsuit " 'simply . . . put[s] an end' " to the movant's action, *Thomas Cemmell, Inc. v. Svea Fire & Life Ins. Co.*, 166 Va. 95, 97, 184 S.E. 457, 458 (1936) (citation omitted), without impairing the right of the adverse party to pursue its independent cause. Code § 8.01-380(C); *see* Code § 8.01-233(A).

Accordingly, wife contends that the trial court correctly ruled that her application pursuant to Code § 20-121.02 constituted a claim separate from husband's cause, which survived his nonsuit and was amenable to independent adjudication. This argument ignores the plain language of the statute and the instant circumstances.

---

pending for a divorce from the bonds of matrimony on the grounds set out in § 20-91(9) without amending the bill of complaint or cross-bill.

    [2] This statute applies to actions both in law and equity. *Moore v. Moore*, 218 Va. 790, 795, 240 S.E.2d 535, 538 (1978).

■ Code § 20-121.02 permits either party in "any divorce suit wherein a bill of complaint or cross-bill prays for a divorce . . . under § 20-91 or . . . § 20-95, at such time as there exists in either party's favor grounds for a divorce . . . under § 20-91(9)," to "move the court wherein such divorce suit is pending for a divorce . . . on the grounds set out in § 20-91(9) without amending the bill of complaint or cross-bill." The motion contemplated by the statute clearly does not itself constitute a bill of complaint or cross-bill but is dependent upon such pleading as the procedural vehicle upon which to append an added ground for divorce without the costs and inconvenience of amendment. *See, e.g., McCausey v. McCausey*, 221 Va. 500, 502, 272 S.E.2d 36, 36-37 (1980); *Boyd v. Boyd*, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986); *Brawand v. Brawand*, 1 Va. App. 305, 307, 338 S.E.2d 651, 652 (1986). "Where the language of a statute is clear and unambiguous, we are bound by that plain statement of legislative intent." *Commonwealth v. Meadows*, 17 Va. App. 624, 626, 440 S.E.2d 154, 155 (1994).

■ Although the trial court decided to "treat [wife's application] as a cross[-]bill," the pleading was clearly insufficient to satisfy the procedural requisites of a cross-bill. *See Moore v. Moore*, 218 Va. 790, 796, 240 S.E.2d 535, 538-39 (1978). It is fundamental that a cross-bill must allege facts which support the requested relief and "give notice to the opposing party of the nature and character of the claim," and "no court can base its . . . decree upon a right [not] . . . pleaded and claimed." *Boyd*, 2 Va. App. at 18-19, 340 S.E.2d at 580. *See* Rules 1:4, 2:13 and 2:14. While a court, "in order to do complete justice between the parties and avoid a multiplicity of suits, may in its discretion treat an answer as a cross-bill by appropriate order," such pleading must comport with Rules 2:13 and 2:14 governing cross-bills. *Shevel's, Inc. v. Southeastern Assocs.*, 228 Va. 175, 184, 320 S.E.2d 339, 344 (1984). Neither wife's original answer nor her application complied with these rules.

Thus, once husband's action was successfully nonsuited, there was no bill of complaint or cross-bill before the court. In the absence of a pleading in which a claim for divorce was properly stated, wife's motion pursuant to Code § 20-121.02 had no vitality, and she was unable to independently prosecute a prayer for divorce. The trial court, therefore, erroneously awarded her a

divorce upon insufficient pleadings, and the decree is reversed.

*Reversed.*

Baker, J., and Benton, J., concurred.