## CIRCUIT COURT OF THE CITY OF RICHMOND

Rosia M. Williams

v.

Roger W. Jones et al.

February 13, 1996

Case No. LX-3062-4

By Judge Randall G. Johnson

At the conclusion of the hearing on Monday, I ruled that plaintiff could take a voluntary nonsuit against Dr. Matthews even though Dr. Matthews has filed a cross-claim against Williamsburg Community Hospital and even though Va. Code § 8.01-380 states that a nonsuit will not be allowed when a cross-claim has been filed unless the cross-claimant agrees or unless the cross-claim can remain pending for independent adjudication by the court. In making that ruling, I stated that to hold otherwise in light of the nature of Dr. Matthews' cross-claim in this case makes no sense; that is, that since Dr. Matthews' cross-claim seeks only indemnification from Williamsburg Community Hospital, he could suffer no prejudice by being nonsuited even if his cross-claim is consequently dismissed. While I still feel that it makes no sense not to allow a nonsuit under these circumstances, I must apply the law as written.

In *Moore v. Gillis*, 239 Va. 239, 389 S.E.2d 453 (1990), a trial court (yours truly) was reminded that clear and unambiguous laws are to be applied as they read, not as a judge believes they should read. Specifically, the Supreme Court said:

> If statutory language "is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it." *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "When an enactment is

clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply." *Id.*

239 Va. at 241.

In the case at bar, Virginia Code § 8.01-380 is clear, unambiguous, and unequivocal: "A party *shall not* be allowed to nonsuit a cause of action, without consent of the adverse party who has filed a . . . cross-claim . . . which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the . . . cross-claim . . . can remain pending for independent adjudication by the court." Emphasis added. The conditions allowing a nonsuit are not present. The nonsuit cannot be allowed. *See also Iliff v. Richards*, 221 Va. 644, 272 S.E.2d 645 (1980).