## CIRCUIT COURT OF ALBEMARLE COUNTY

William V. Melton,
Administrator of the
Estate of Lisa G. Melton,
deceased

    v.

Paul C. Liebrecht

    v.

Lifeline Ambulance Services, Inc.

July 3, 1996

Case No. 6064-L

BY JUDGE PAUL M. PEATROSS, JR.

This case came before the Court on Defendant Liebrecht's Motion to Dismiss under Rule 3:3 and Plaintiff Melton's Motion to Dismiss Third-Party Motion for Judgment against Lifeline Ambulance Services, Inc., and his Motion for Nonsuit. Argument was presented on June 14, 1996, and the Court took the Motions under advisement.

### Statement of the Facts

The following facts are gleaned from the pleadings and filings in the Court file for purposes of ruling on these motions.

Lisa Gail Melton entered the Twin County Community Hospital in Galax, Virginia, on September 8, 1992. Her physician was Dr. Paul C. Liebrecht, who attended to her for two days when he decided to transport her to the University of Virginia. He based his decision upon a communication with the University of Virginia Health Science Center Department of Neurology which rendered a provisional diagnosis of Guillain-Barre Syndrome.

At 4:10 p.m. on September 10th, Lifeline Ambulance Service, Inc., began transporting the patient from Galax to Charlottesville. Several hours later, the patient suffered cardiac arrest and brain damage. On September 11th, the patient expired at the University of Virginia Health Science Center.

On or about August 22, 1994, Plaintiff William V. Melton, Administrator of the Estate of Lisa G. Melton, filed a motion for judgment in the Circuit Court for the City of Charlottesville (referred to as "Civil Action No. 94-5983"). In his motion, the plaintiff alleged that Dr. Liebrecht committed medical negligence. Specifically, plaintiff alleged that Dr. Liebrecht was negligent in failing to stabilize decedent's condition prior to transfer, failing to adequately inform Lifeline employees of possible complications for decedent from the effects of Guillain-Barre Syndrome, failing to review and properly interpret the results of blood gas studies to determine the most appropriate level and mode of transport, and failing to order appropriate transport of decedent, all of which proximately caused the death of decedent. Plaintiff did not request service of this motion for judgment.

On or about November 8, 1994, Plaintiff William V. Melton filed an identical motion for judgment against Paul C. Liebrecht, M.D. (referred to as "Civil Action No. 94-6069"). Plaintiff did not request service of that motion. Dr. Liebrecht first learned of these pending lawsuits in March, 1996.

Dr. Liebrecht filed a motion to dismiss the plaintiff's motions for judgment based on Va. S. Ct. R. 3:3, which states that no judgment may be entered against a defendant of a lawsuit if it is not served within one year from filing. Dr. Liebrecht also filed a third-party action for contribution and indemnification against Lifeline Ambulance Service, Inc. Plaintiff had already settled his claim against Lifeline in *Melton, Adm'r v. Lifeline, et al.*

In response to the defendant's motion for dismissal, the plaintiff filed a motion for nonsuit, as well as a motion to dismiss the defendant's third-party practice claims.

## Questions Presented

1. Whether, as a matter of law, defendant's third-party motion for judgment against Lifeline should be dismissed.

2. Whether plaintiff's motions for nonsuit should be denied based on § 8.01-380.

## Discussion of Authority

*1. Defendant's third-party motion for judgment cannot be dismissed because it raises issues of fact that should be submitted to a jury.*

In its motion to dismiss the defendant's third-party practice claims, plaintiff contends that defendant has not alleged facts, which if proven, would entitle him to recover from Lifeline. Plaintiff argues that pursuant to § 8.01-35.1(A)(2), the Release and Covenant Not to Sue entered into by plaintiff and Lifeline discharges Lifeline from "all liability for contribution to any other tortfeasor."

Plaintiff acknowledges that defendant is entitled to recover from Lifeline if he is able to show that his liability is derivative or vicarious. If, however, negligence is active, defendant cannot recover. *Philip Morris, Inc. v. Emerson*, 235 Va. 380 (1988), stated that "if a defendant is guilty of active negligence, he may not obtain indemnification from any other defendant." In the instant case, plaintiff contends that a careful reading of the motions for judgment demonstrates that the plaintiff has only alleged active negligence and has not set forth any allegations of vicarious liability.

Plaintiff's motion to dismiss defendant's motion contradicts well-established law that negligence is a question of fact to be determined by a jury. "A jury should be permitted to determine a case if the evidence is in conflict as to the existence of negligence, or if reasonable men might draw different conclusions from the facts, or if the conclusion is dependent upon the weight to be given the testimony." *Adams v. Adams*, 202 Va. 941 (1961). See *Mills v. Wells*, 204 Va. 173 (1963); *Cook v. Virginia Holsum Bakeries, Inc.*, 207 Va. 815 (1967), citing M.J.; *Whitfield v. Whittaker Mem. Hosp.*, 210 Va. 176 (1969). Furthermore, "questions of negligence, due care, proximate cause, and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them." *Griffen v. Shiveley*, 227 Va. 317 (1984); *Tubman v. Commonwealth*, 3 Va. App. 267 (1986).

Although plaintiff's motion for judgment alleges that defendant's actions are the proximate cause of the decedent's death, this question must be put before a jury. In the instant case, the issue of negligence, specifically, the determination of active, vicarious, or derivative negligence is for a jury to decide.

*2. Because plaintiff's motion to dismiss the defendant's third-party motion for judgment must be denied, the plaintiff's motion for nonsuit fails. Virginia Code § 8.01-380.*

The only impediment to the plaintiff's absolute right to a nonsuit is the provision of § 8.01-380(C) of the Code of Virginia of 1950, as amended, which states that "a party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a counterclaim, cross-claim or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the counterclaim, cross-claim or third-party claim can remain pending for independent adjudication by the Court."

In the instant case, this "impediment" to the plaintiff's absolute right is decisive. The clear language of the statute is indisputable and is supported by case law. *Williams v. Jones*, 38 Va. Cir. 356 (1996); *Iliff v. Richards*, 221 Va. 644 (1980); *Goodman v. Hamman*, 19 Va. App. 71 (1994).

*Goodman* states that because a nonsuit is such a powerful tactical weapon, it has been limited by several conditions among which is the "necessity that the 'adverse party who has filed a counterclaim [cross-claim or third-party claim] which arises out of the same transaction or occurrence' consent to the nonsuit, unless such claim can remain pending for independent adjudication by the court." *Id.* at 74 citing *Trout v. Commonwealth Transp. Comm'r*, 241 Va. 69, 73 (1991).

In *Iliff*, the Court held that the trial court improperly allowed a nonsuit because the result of granting a nonsuit was to "dismiss a party defendant against whom a valid cross-claim had been duly filed . . . ." *Iliff* at 649. In *Williams*, the Court denied the plaintiff's right to a nonsuit because a defendant party had filed a cross-claim seeking indemnification. The judge relied on the "clear, unambiguous, and unequivocal language" of Virginia Code § 8.01-380." *Williams, supra.*

## Conclusion

The plaintiff contends that he has a right to a nonsuit. Plaintiff acknowledges that this right is limited by § 8.01-380(C) which prohibits a nonsuit in cases where a valid third-party claim has been made. The plaintiff, cites *Philip Morris* to illustrate that indemnification cannot be granted in cases where there is active negligence. Plaintiff argues that a careful reading of Plaintiff's motions demonstrates that only active negligence has been alleged and so a valid third-party claim cannot be made.

The difficulty with the plaintiff's argument is that negligence is a jury question, not a question of law. Plaintiff has cited no authority in which a court has made a determination between active, derivative, and vicarious negligence, based on the pleadings, in order to determine the validity of a third-party claim in light of the requirements of § 8.01-380(C) of the Code.

Conversely, there is well-settled case law that questions of negligence are questions of fact and the proper domain of a jury. Accordingly, this Court finds that there are facts alleged sufficient to create a cause of action for indemnification against Lifeline Ambulance. Thus, in the instant case, the legislative intent of § 8.01-380(C) is controlling, and the motion for a nonsuit must be denied.

As a consequence, the Court sustains the Motion to Dismiss of Liebrecht under Rule 3:3 of the Rules of the Supreme Court of Virginia. The above rulings render moot the Motion to Dismiss the Third-Party Motion for Judgment.