## CIRCUIT COURT OF THE CITY OF RICHMOND

Michelle D. Baker

v.

Kevin G. Pulliam
and Parker's Express, Inc.

April 16, 1997

Case No. LB-229-4

BY JUDGE RANDALL G. JOHNSON

This personal injury action is before the court on defendants' motion to dismiss under the one-year service requirement of Rule 3:3 of the Rules of the Supreme Court of Virginia. The pertinent part of the Rule provides:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

The accident giving rise to plaintiff's claim occurred on February 1, 1994. Suit was filed on January 31, 1996. Named as defendants were Kevin G. Pulliam, who was driving the tractor-trailer that collided with plaintiff's car, and Parker's Express, Inc., Pulliam's employer. Neither defendant is a resident of Virginia. On January 30, 1997, service of process was made on the Secretary of the Commonwealth pursuant to Va. Code § 8.01-329. The Secretary's certificates of compliance were filed on February 6. On February 26, Parker's Express filed an answer and counterclaim, the counterclaim claiming damage to its truck as a result of plaintiff's negligence. On the same day, both defendants filed the motion to dismiss now under consideration. Pulliam has not filed a grounds of defense or counterclaim.[1]

---

[1] At oral argument, counsel for defendants said that he called the clerk's office and was told

Plaintiff resists the motion on three grounds. First, plaintiff argues that service was made within the one year required by Rule 3:3 since the Secretary of the Commonwealth received process within a year of suit being filed. Second, plaintiff offers to pay the amount sought in Parker's Express' counterclaim and argues that upon doing so, the counterclaim must be dismissed. Upon dismissal of the counterclaim, plaintiff would then take a nonsuit, something he could do even in the face of the one-year rule. *See Clark v. Butler Aviation*, 238 Va. 506, 511-12, 385 S.E.2d 847 (1989). Third, plaintiff argues that even if Parker's Express' counterclaim is not dismissed, he has a right to take a nonsuit against Pulliam since Pulliam has not filed a counterclaim. Each of plaintiff's arguments must be rejected.

With regard to service of process, plaintiff points out that Va. Code § 8.01-312(A), which is incorporated into § 8.01-329 by reference, provides that "[s]ervice of process on the statutory agent shall have the same legal force and validity as if served within the Commonwealth personally upon the person for whom it is intended." Plaintiff then asserts that since service "within the Commonwealth personally upon the person for whom it is intended" stops the one year from running under Rule 3:3, service upon the Secretary stops the one year from running as well. What plaintiff's argument fails to take into account, however, is § 8.01-329(C)'s provision that "[s]ervice of process or notice on the Secretary *shall be effective* on the date the certificate of compliance is filed with the court in which the action is pending." Emphasis added. Thus, while service on the Secretary in this case was made on January 30, 1997, which was one day before the year after filing had expired, service was not *effective* until February 6, the day the Secretary's certificates of compliance were filed in this court. Because February 6 is more than one year after plaintiff's suit was filed, and because there has been no allegation by plaintiff that she or her counsel exercised due diligence to have timely service made, Rule 3:3's prohibition against entry of judgment against defendants in this action applies.

Plaintiff's next argument is that even if judgment against defendants cannot be entered in this action, he must be allowed to pay to Parker's Express the amount sought in Parker's Express' counterclaim, whereupon the court will be

---

that only the certificate of compliance for Parker's Express had been filed. Actually, both certificates were filed on the same day and were next to each other in the file folder. While this discrepancy has no effect on the outcome here, the court notes that counsel's reliance on what he was told by the clerk's office is risky. *See School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 555-56, 379 S.E.2d 319 (1989) (Erroneous information given to counsel by clerk's office does not effect 21-day finality standard of Rule 1:1 of the Rules of the Supreme Court of Virginia or the time allowed to note an appeal). While the specific holding in that case has been somewhat abrogated by an amendment to Va. Code § 8.01-428(C), counsel would do well in the future to check the court's file himself.

compelled to dismiss the counterclaim and allow plaintiff to take a voluntary nonsuit under Va. Code § 8.01-380. Dismissal of the counterclaim is necessary since § 8.01-380(C) provides:

> C. A party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a counterclaim, cross claim or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the counterclaim, cross claim, or third-party claim can remain pending for independent adjudication by the court.

In *Gilbreath v. Brewster*, 250 Va. 436, 463 S.E.2d 836 (1995), the Supreme Court held that in personal injury actions such as this one, resolution of a counterclaim which arises out of the same accident as the plaintiff's claim requires determination of the plaintiff's claim. Thus, the counterclaim cannot "remain pending for independent adjudication by the court." 250 Va. at 442. The problem with plaintiff's argument about paying the amount sought in the counterclaim, thereby compelling dismissal of it, is that no authority for compelling such dismissal exists.

Plaintiff's counsel first presented his argument about payment of the counterclaim at the oral argument on the motion to dismiss. Upon questioning by the court, counsel was unable to cite any statute, rule, or case which would compel *or allow* the court to dismiss a counterclaim if the plaintiff tenders payment of the full amount sought in it. The court then gave plaintiff's counsel two additional days to find such authority and cite it to the court. In a letter dated April 11, counsel stated that he could find no authority. Neither can the court. Plaintiff's tender of payment does not compel or allow dismissal of the counterclaim.

The court also finds that Parker's Express' counterclaim prevents plaintiff from taking a nonsuit against defendant Pulliam. Section 8.01-380(C) requires the consent of "the adverse party who has filed a counterclaim" before a party may nonsuit "a cause of action." Here, the cause of action is one for negligence, and it is the same cause of action against both defendants. Moreover, since Parker's Express' counterclaim rises and falls with the negligence and non-negligence of plaintiff *and* its employee-codefendant Pulliam, the counterclaim cannot, under the holding of *Gilbreath v. Brewster, supra,* remain pending for independent adjudication by the court even if only Pulliam is nonsuited. Thus, even though Pulliam has not filed a counterclaim himself, plaintiff still cannot take a nonsuit against him without the consent of Parker's Express. Parker's Express does not consent.

Finally, though not argued by the parties, the court must decide what effect dismissal of the motion for judgment has on Parker's Express' counterclaim. The answer is none. While Rule 3:3 precludes a judgment in this action against either defendant, the counterclaim was filed and served within the time allowed by law. It is still pending.