# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Parsch et al.

v.

Ivor Massey, Jr., et al.

June 28, 2006

Case No. 04-193

BY JUDGE EDWARD L. HOGSHIRE

In the present action regarding the validity of a corporate loan, several Defendants have filed a Motion to Dismiss with Prejudice for Failure to Effect Service within One Year, and Plaintiffs have made a Motion for Nonsuit of most of the Defendants. Upon hearing the Defendants' Motion to Dismiss and Plaintiffs' Motion for Nonsuit on April 24, 2006, the Court reserved final ruling on the motions to consider further memoranda. After careful review of the authorities submitted and for the reasons set forth below, the Court hereby grants in part and denies in part the Defendants' Motion to Dismiss and also hereby grants in part and denies in part the Plaintiffs' Motion for Nonsuit.

*Statement of Facts*

On December 10, 2004, Plaintiffs filed a Bill of Complaint alleging conspiracy of the Defendants, shareholders of the small corporation Tovaris, to deprive other shareholders of their investment value through default on a

loan to Triad, an entity the Defendants owned and controlled. Plaintiffs seek equitable relief from the following Defendants for breach of fiduciary duty and shareholders' agreement, fraudulent transfer and conversion of assets, accounting, and fraud: Ivor Massey, Jr., Richard W. Gordon, Samuel G. Patterson, Sanfford Teu, Sanjay Vakharia, Richard F. Gorman, III, Roland S. Gerard, Kevin Conley, Stanley K. Joynes, III, Jonathan S. Tunner, Robert Starling, Roy Stephan, Gary McGraw, M. Bernard Siegel, Triad, L.L.C., and Tovaris, Inc. Plaintiffs added Defendants Harry Lankenau, GlobalCerts, L.C., and Tovaris I.P., L.C., in their Amended Bill of Complaint, filed December 20, 2004. Nonsuits eliminated Teu (12/16/05), McCraw (1/6/06), and Siegal (2/7/06) from the present case.

Plaintiffs began service efforts on Defendants on December 12, 2005, commencing all attempts to serve after that date. On January 30, 2006, Massey, Gorman, Tunner, Gerard, Joynes, and Stephan (collectively, "Massey Defendants"), as well as Gordon, Conley, Starling, and Lankenau ("Gordon Defendants") filed responsive pleadings, each including a Motion to Dismiss with Prejudice for Failure to Effect Service within One Year ("Motion to Dismiss").

On January 30, 2006, some of the Defendants filed a Counterclaim averring the validity of the corporate loan and seeking declaratory judgment, sanctions, and indemnification against the Plaintiffs. The following Defendants participated in that Counterclaim: Massey, Gorman, Tunner, Gerard, Joynes, Triad, L.C., Tovaris I.P., L.C., and GlobalCerts, L.C. Pursuant to a Motion to Extend Time for Filing and to Amend Pleadings, Stephan filed a Counterclaim seeking the same relief as the above Defendants on February 6, 2006. Plaintiffs filed an Answer to the Counterclaim of Massey, Gorman, Tunner, Gerard, Joynes, Triad, L.C., Tovaris I.P., L.C., and GlobalCerts, L.C., and to the Counterclaim of Stephan on February 27, 2006. On April 10, 2006, the Plaintiffs filed a Notice of Nonsuit / Motion for Nonsuit for Massey, Gordon, Vakharia, Gorman, Gerard, Conley, Joynes, Tunner, Starling, Stephan, and Lankenau. An Order was entered nonsuiting Vakharia on April 18, 2006.

At the April 24, 2006, hearing on the Defendants' Motion to Dismiss and the Plaintiffs' Motion for Nonsuit, the Court found that the action was commenced and instituted against the Defendants on December 10, 2004, when the Plaintiffs filed their Bill of Complaint, not on December 20, 2004, when the Plaintiffs filed an Amended Bill of Complaint. The Court also found that the Defendants were not served with process during the one year period mandated by Rule 2:4 of the Rules of the Supreme Court of Virginia (new

Rule 3.5(e)) and Va. Code Ann. § 8.01-275.1 (the "One Year Period"). Finally, the Court found that the Plaintiffs did not exercise due diligence to excuse the failure of timely service.

Because of the considerable number of defendants and claims involved, the following chart illustrates the relevant procedural history:

| Defendant | Counterclaim Filed | Nonsuit Motion (P) | Motion to Dismiss (D) |
|---|---|---|---|
| Teu | No | Yes, 12/16/05 | N/A, out of case |
| McCraw | No | Yes, 1/05/06 | N/A, out of case |
| Siegel | No | Yes, 2/07/06 | N/A, out of case |
| Vakharia | No | Yes, 4/18/06 | N/A, out of case |
| Massey | Yes, 1/30/06 | Yes | Yes, 1/30/06 |
| Gorman | Yes, 1/30/06 | Yes | Yes, 1/30/06 |
| Tunner | Yes, 1/30/06 | Yes | Yes, 1/30/06 |
| Gerard | Yes, 1/30/06 | Yes | Yes, 1/30/06 |
| Joynes | Yes, 1/30/06 | Yes | Yes, 1/30/06 |
| Stephan | Yes, 2/06/06 | Yes | Yes, 1/30/06 |
| Triad, L.C. | Yes, 1/30/06 | No | No |
| Tovaris I.P., L.C. | Yes, 1/30/06 | No | No |
| GlobalCerts, L.C. | Yes, 1/30/06 | No | No |
| Gordon | No | Yes | Yes, 1/30/06 |
| Conley | No | Yes | Yes, 1/30/06 |
| Starling | No | Yes | Yes, 1/30/06 |
| Lankenau | No | Yes | Yes, 1/30/06 |
| Patterson | No | No | Yes, 4/24/06 |
| Tovaris, Inc. | No | No | No |

## Questions Presented

1. Whether failure to effect timely service should bar the Plaintiffs from taking a nonsuit.

2. Whether the Defendants' Counterclaims are valid and should bar the Plaintiffs from taking a nonsuit.

3. Whether non-counterclaiming Defendants should be protected from nonsuit because of their involvement in the same cause of action.

4. Whether a Motion to Dismiss is proper for Defendants for whom nonsuits were either not requested or unsuccessful.

*Analysis*

## 1. *Effect of Timely Service on Nonsuits*

Virginia plaintiffs may take a single voluntary nonsuit as a matter of right at any time prior to the case being fully submitted to the court or jury. Va. Code Ann. § 8.01-380. Since the Plaintiffs filed their initial Motion for Nonsuit in a timely fashion, the remaining issues are whether the failure to effect service within one year is a bar to a nonsuit, and if not, whether anything else would preclude the grant of a nonsuit.

In the Rules of the Virginia Supreme Court, past Rule 2:4 and current Rule 3:5(e) provide that no decree can be entered against defendants if the plaintiffs do not serve the defendants within one year, unless the plaintiffs show they exercised due diligence. Nonetheless, a motion to dismiss for failure to effect service in one year does not necessarily bar plaintiffs from taking a nonsuit, unless the parties have already submitted briefs to the court and completed oral argument on the motion. *Atkins v. Rice*, 266 Va. 328, 331-32 (2003); *see also Waterman v. Halverson*, 261 Va. 203, 208, (2001); *Gilbreath v. Brewster*, 250 Va. 436, 438 (1995). These cases illustrate that, despite failure to serve within one year and lack of due diligence, the issue of timely service of process is not fatal to the Plaintiffs' request for nonsuit. Absent other restrictions, the Plaintiffs' Motion for Nonsuit is allowable despite the Defendants' Motion to Dismiss.

However, another restriction on nonsuits does exist, and much of the resolution of this lawsuit turns on its application. Section 8.01-380(D) of the Virginia Code Annotated precludes the grant of a nonsuit "without the consent of the adverse party who has filed a counterclaim, cross-claim, or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the counterclaim, cross-claim or third-party claim can remain pending for independent adjudication by the court." For all Defendants in this case who filed any counterclaim incapable of independent adjudication, the Plaintiffs cannot take a nonsuit without obtaining consent.

## 2A. *Defining Counterclaims*

The Massey Defendants present four counts against Plaintiffs in their Counterclaims:

(1) Demand for Declaratory Judgment by Individual Defendants (Va. Code § 8.01-184),

(2) Demand for Declaratory Judgment by All Defendants (Va. Code § 8.01-184),

(3) Demand for Sanctions for Individual Defendants (Va. Code §§ 8.01-184, 8.01-271.1), and

(4) Demand for Indemnification by all Defendants (Va. Code § 13.1-672.5). (Counterclaim for Massey et al., at 10-12, Counterclaim for Stephan, at 9-11). For simplicity, Stephan will be considered among the Massey Defendants, and their shared claims hereinafter as the "Defendants' Counterclaims."

The first two claims, equitable requests for declaratory judgment, were made before the abolition of the distinction between law and equity, and would previously be known as cross-bills. The final two claims do seek awards of money damages, typical counterclaims under both the old and new rules. If even one of the counterclaims is valid, the Plaintiffs may be barred from taking a nonsuit.

*Counts I and II: Equitable Claims*

The first two claims are equitable requests for declaratory judgment, properly included as documents titled "Counterclaim" rather than "Cross-Bill" because the filing took place after the merger of law and equity. Nonetheless, Defendants challenge whether these demands for equitable relief constitute counterclaims, primarily because the Virginia Supreme Court has defined counterclaims as claims at law for money damages under Rule 3:8. *Bremer v. Doctor's Building Partnership*, 251 Va. 74, 78 (1996). But as a case predating the merger of law and equity, *Bremer* sought to clarify the definition of counterclaims only for the purpose of barring nonsuits at law, the side of the court on which the case was brought. Thus, *Bremer* did not reach the ability of defendants to preclude nonsuits in equity.

Even if monetary damages are necessary to legal counterclaims, the rules of chancery did not require defendants to set forth monetary damages in their cross-bills for equitable relief. Rule 2:13. In 1954, the General Assembly amended the nonsuit statute, § 8.01-380, to make it applicable in both law and equity cases. *Moore v. Moore*, 218 Va. 790, 795 (1978). Under the amended statute, a cross-bill filed on the chancery side of the court could bar a nonsuit as effectively as a counterclaim on the legal side. *See Goodman v. Hamman*, 19 Va. App. 71 (1994) (implying a cross-bill in equity is the equivalent to a counterclaim in law for the purposes of the nonsuit statute); *Walker v. Walker*, 19 Va. Cir. 390 (Clarke County 1990) (expressly stating a cross-bill in equity is equivalent to a counterclaim in law for the purposes of the nonsuit statute). Since the title of counterclaim or cross-bill was irrelevant to barring a nonsuit more than fifty years before the

merger of law and equity, the Defendants' Cross-Bills (now retitled Counterclaims) of this chancery suit present a valid obstacle to the Plaintiffs' nonsuit.

Although the applicable rules from the date when the case commenced dictate the outcome, the result would be identical under current law. New Rule 3:9 broadly states that defendants may "plead as a counterclaim any cause of action that the defendant has against the plaintiffs or all plaintiffs jointly." Beyond this expansive definition of "counterclaim," Rule 3:9 cannot exclude equitable or non-monetary claims from preventing a nonsuit. Doing so would eliminate past substantive rights, which Rule 3:1 prohibits (effective January 1, 2006). Thus, under either the old or new rules, the Defendants' equitable claims in Counts I and II could bar the Plaintiffs' nonsuit.

*Counts III and IV: Claims at Law*

Both past and present rules indisputably authorize counterclaims to preclude nonsuits when seeking monetary damages at law. Even if Counts I and II were not considered counterclaims because they seek equitable relief, both Count III and IV explicitly seek monetary damages and are thus claims at law that constitute counterclaims. Nonetheless, Plaintiffs contend these are "contingent, inchoate claims." (Memorandum in Support of Notice of Nonsuit / Motion for Nonsuit, at 5.) Ironically, these claims are contingent to the extent that they arise only out of the allegations made in the Plaintiffs' Complaint, supporting the argument that the Plaintiffs cannot be permitted to take a nonsuit because the counterclaims are incapable of independent adjudication (further discussed below). Moreover, while Plaintiffs suggest these claims do not set forth valid causes of action, both Count III and Count IV are expressly authorized by statutes allowing the Court to award monetary damages. (Va. Code §§ 8.01-184, 8.01-271.1, 13.1-672.5.) If the Plaintiffs had believed the Counterclaims did not state valid causes of action, their proper recourse was filing a demurrer. Va. Code Ann. § 8.01-273. The Plaintiffs never filed a demurrer, but submitted a general Answer that addressed the Defendants' Counterclaims on the merits. Consequently, Count III and IV are properly considered counterclaims.

2B. *Independent Adjudication of Counterclaims*

Although a counterclaim can bar a nonsuit, a plaintiff is not barred from nonsuiting a cause of action if a pending counterclaim can be independently adjudicated. Va. Code Ann. § 8.01-380(D). Thus, despite the

validity of the Defendants' Counterclaims, Plaintiffs will not be barred from a nonsuit if all of the included claims are capable of independent adjudication.

*Gilbreath v. Brewster*, 250 Va. 436 (1995),parallels the facts of this case closely enough to provide an illustration of both untimely service and inextricable counterclaims. When the plaintiffs in *Gilbreath* failed to obtain service on the defendants within one year, the plaintiffs requested nonsuits to avoid the one-year service rule. Despite the plaintiffs' assertion that the claim was capable of independent adjudication, the trial court ruled that, because the defendants' counterclaim hinged on the outcome of the entire case, the plaintiffs could not take the nonsuit. Similarly situated, the Plaintiffs here are likewise barred from nonsuit if the Defendants have filed even one dependent counterclaim.

As shown in *Gilbreath*, the Virginia Supreme Court has established an analytical framework for determining whether claims are so intertwined that independent adjudication is not possible. 250 Va. at 442; *Lee Gardens Arlington, Limited Partnership v. Arlington County Board*, 250 Va. 534 (1995). When the adjudication of the counterclaim necessarily involves an adjudication of the same issues raised in the plaintiff's claim, the counterclaim cannot be adjudicated alone. *Gilbreath*, 250 Va. at 442. In other words, if "an adjudication of one claim would be an adjudication of both," then the counterclaim is ineligible for independent adjudication. *Lee Gardens*, 250 Va. at 541.

Under the *Gilbreath* and *Lee Gardens* analysis, examining the core issues of the Plaintiffs' Amended Complaint and the Defendants' Counterclaims will reveal whether they present dependent or independent claims. Both pleadings turn on the legitimacy of the "Triad Bridge Loan" transaction. If the loan was improper and invalid, the Plaintiffs will prevail on their claims. If the loan was proper and valid, the Defendants will prevail on their counterclaims. Flip sides of the same coin, the issues in this case are inextricable, thus incapable of independent adjudication.

While the Plaintiffs contend that counterclaims like that for indemnification are akin to those of prevailing party costs and attorney's fees, and thus can be adjudicated independently, the case cited in support of this argument does not even address the issue of whether these costs and fees can be tried separately. *Sheets v. Castle*, 263 Va. 407, 413 (2003). In fact, a claim for indemnification has been found unable to remain pending for independent adjudication. *Skinner v. Clements*, 45 Va. Cir. 482, 486 (Spotsylvania County

1998). Even if some claims were held independent, the presence of at least one dependent claim renders the Defendants' Counterclaims incapable of independent adjudication and nonsuit impossible.

## 2C. *Timeliness of Counterclaims*

Rule 3:9 requires that a counterclaim be filed within twenty-one days "after service of the summons and complaint upon the defendant asserting the counterclaim." The parties agreed to grant Defendants until January 30, 2006, to file responsive pleadings, and Stephan filed a Motion to Extend Time for Filing and to Amend Pleadings for his February 6, 2006, responsive pleadings, making their counterclaim filing timely. (Memorandum in Opposition to Notice of Nonsuit / Motion for Nonsuit, at 3.) However, the Defendants' Counterclaims can be validated as properly filed on other grounds.

First, the twenty-one day rule previously did not apply to equity cases. Applying Rule 3:9 to cases filed before the merger of law and equity would eliminate a right under the past equity law concerning cross-bills, now consolidated as counterclaims. Rule 2:13 granted a defendant the right to file a cross-bill seeking relief against the plaintiff "at any time when he would not be in default if he had not filed a pleading." When Virginia merged law and equity, no substantive rights granted to litigants under the old rules were affected. (Rule 3:1, effective January 1, 2006.) Thus, Defendants have a right under Rule 2:13 to file their equitable claims, so long as they are not in default. Under Rule 2:7, default is defined as not having filed a pleading during the period specified by an order of publication or within twenty-one days following the service of a subpoena or acceptance or waiver of process. Because the Defendants were not in default, their equitable claims must be viewed as filed in a timely fashion.

Moreover, filing an answer waives any argument that a counterclaim is untimely. To preserve any objections to the timeliness of the Defendants' Counterclaims, Plaintiffs would have had to assert this defect by motion "prior to or simultaneously with the filing of any pleading to the merits." Va. Code Ann. § 8.01-380. By filing an Answer to the Counterclaims without raising any such objections, Plaintiffs waived their ability to do so. Thus, even if the Counterclaims had been filed in an untimely fashion, the Plaintiffs cannot assert this objection now in seeking a nonsuit.

Since the Massey Defendants have properly filed or the Plaintiffs have already accepted Counterclaims incapable of independent adjudication, the Plaintiffs are barred from a nonsuit against these Defendants unless they obtain consent.

## 3. *Independent Adjudication of Other Defendants*

Some authority exists to suggest that non-counterclaiming defendants are barred from a nonsuit because their case cannot be adjudicated without the defendants who filed counterclaims. *Baker v. Pulliam*, 42 Va. Cir. 175, 177 (Richmond 1997). In *Baker*, both defendants filed a motion to dismiss for failure to effect service of process within one year, but only one of the defendants also filed a dependent counterclaim. The court expanded on *Gilbreath*'s reasoning to hold that, if the plaintiff's cause of action against one defendant could not be adjudicated separately from the claim against both defendants, protection from nonsuit was extended to the defendant without a counterclaim.

The Court finds the *Baker* rule inconsistent with the nonsuit statute. This broad interpretation would allow all defendants to avoid nonsuits, regardless of whether or not they filed a counterclaim, as long as they were involved in the same cause of action as one defendant who had filed a counterclaim. Consequently, this Court does not adopt the holding in *Baker*.

## 4. *Grant of Motion to Dismiss*

A defendant has the right to object to service of process when served more than one year after the action has commenced. Va. Code Ann. § 8.01-275.1. This rule comports with the old equity Rule 2:4 or the new unified Rule 3:5(e), which provides that no decree shall be entered against a defendant served with process more than one year after the institution of a suit, unless due diligence is shown. Since the Court ruled at the April 24 hearing that the Plaintiffs did file service of process more than one year after the commencement of the action and that no due diligence was exercised, all of the Defendants who filed Motions to Dismiss have established a *prima facie* basis for dismissal.

However, objecting to service of process must likewise be done in a timely fashion, so that a "person, upon whom process to answer any action has been served, may take advantage of any defect in the issuance, service, or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading to the merits." Va. Code Ann. § 8.01-277. Failure to do so within that time period waives the right to challenge any defects in service. *Lyren v. Ohr*, 271 Va. 155 (2006).

Defendants Massey, Gorman, Tunner, Gerard, Joynes, Stephan, Gordon, Conley, Starling, and Lankenau filed Motions to Dismiss with

218

Prejudice for Failure to Effect Service within One Year with their responsive pleadings. Hence, they filed their motions simultaneously with the filing of pleading to the merits on January 30, 2006. As to those Defendants who cannot be nonsuited, their timely Motion to Dismiss should be granted. In contrast, Defendant Patterson's attempt to join in the Motions to Dismiss came too late. Patterson did not raise the issue of failure to serve within one year in his grounds of defense, in fact not raising it until April 24, 2006, three months after filing his pleadings on the merits, when he attempted to adopt, join, and incorporate the initial motion of the Massey Defendants.

Plaintiffs have not sought a nonsuit for Defendants Patterson, Tovaris, Inc., Triad, L.C., Tovaris I.P., L.C., or GlobalCerts, L.C. Since Patterson and Tovaris, Inc., did not file counterclaims, they are in the same position as the Gordon Defendants. While still in the case, they are not barred from nonsuit despite the Plaintiffs' failure to effect service within one year.

Defendants Triad, L.C., Tovaris I.P., L.C., or GlobalCerts neither have been nonsuited nor can be nonsuited, as a result of their participation in the Defendants' Counterclaims. They are currently in the case because they did not file a Motion to Dismiss.

## Conclusion

Despite untimely service of process, the Plaintiffs still may be granted this first request for a nonsuit against the named Defendants without obtaining consent if no counterclaim incapable of independent adjudication exists. Some Defendants whom the Plaintiffs seek nonsuited meet the criteria for barring a nonsuit, having filed timely Counterclaims that cannot be independently adjudicated. The Court grants the Defendants' Motion to Dismiss with Prejudice and denies the Plaintiffs' Motion for Nonsuit as to the following Defendants: Massey, Gorman, Tunner, Gerard, Joynes, and Stephan.

Other Defendants who did not file any such counterclaim are not similarly barred from nonsuit, despite a timely Motion to Dismiss. The Court hereby grants the Plaintiffs' Motion to Nonsuit without prejudice and denies the Defendants' Motion to Dismiss as to the following Defendants: Gordon, Conley, Starling, and Lankenau. The following Defendants are still in the case: Triad, L.C., Tovaris I.P., L.C., GlobalCerts, L.C., Patterson, and Tovaris, Inc.